[Civ. No. 30287. First Dist., Div. One. June 9, 1972.]

HEBER N. TEERLINK, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE PALO ALTO-MOUNTAIN
VIEW JUDICIAL DISTRICT OF SANTA CLARA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## Counsel

Evelle J. Younger, Attorney General, Edward P. O'Brien, Robert R. Granucci and Sanford Svetcov, Deputy Attorneys General, for Real Party in Interest and Appellant.

Boccardo, Blum, Lull, Niland, Teerlink & Bell and Stanley A. Ibler, Jr., for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## Opinion

**ELKINGTON, J.**—Heber N. Teerlink was charged in the municipal court with driving a vehicle while under the influence of intoxicating liquor, a violation of Vehicle Code section 23102. His trial resulted in a jury disagreement and declaration of a mistrial. He was not again brought to trial within 30 days thereafter. The municipal court denied his motion taken under Penal Code section 1382 to dismiss. On application for prohibition to the superior court, that court entered its order granting "a Writ of Prohibition against the Municipal Court . . . from proceeding further with this matter."

The People appeal from the nonappealable (see Code Civ. Proc., § 904.1) "writ of prohibition." Applying the rule of liberal construction we treat the appeal as from the order (in its effect a judgment) granting "a Writ of Prohibition against the Municipal Court . . . from proceeding further with this matter." (See rule 1, California Rules of Court; *Karrell* v. *Watson,* 116 Cal.App.2d 769, 772-774 [254 P.2d 651, 255 P.2d 464]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 336.)

As relevant, the record before the superior court discloses the following.

Teerlink is a well-known and active trial lawyer. He posted bail on his Vehicle Code charge which was set for arraignment on February 20, 1970. On that date he failed to appear either personally or by counsel. The matter was continued to March 6 and notice was sent to Teerlink. On that date he was arraigned in absentia while represented by counsel who demanded a trial by jury. A trial date of April 23, 1970 was fixed. Thereafter, over the next 15 months, apparently always at Teerlink's request, the case was continued for trial or for "setting for trial" at least nine times. When reasons were given, they appeared to be Teerlink's trial commitments elsewhere. On but one of these occasions did he personally appear when the case was called. At that time the trial was again set for a date

certain on which date he again failed to appear; his counsel appeared and again secured a continuance. On three of the trial or setting dates he was not even represented by counsel. On July 16, 1970, the record shows "The court orders no further continuance for defendant." But the continuances continued. During this period a bench warrant and a writ of mandate were successively sought by the People in order to bring the case to trial, but without success. Finally, on April 28, 1971, again in Teerlink's absence, the cause was set to be tried on June 6 as a "date certain with or without defendant."

On June 7, 1971, with Teerlink present in court for the second time in the action, the trial started. It lasted three days; the jury were unable to reach a verdict, and the court declared a mistrial. The district attorney expressed a desire "to get this to trial as soon as possible again." The court then placed the matter on the "setting calendar" of July 1, 1971. Teerlink (whose attorney had earlier departed) inquired: "The calendar time again?" The time was repeated and Teerlink made no objection.

On July 1 Teerlink, representing himself, appeared before the court. The prosecutor stated that any trial "date in August or earlier would be agreeable." The trial court stated, *"This is a mistrial and the defendant has to be tried within thirty days.* Doesn't he?" (Italics added.) Teerlink, obviously referring to the trial commitments of his law practice during the next 30 days, stated, "I have a problem, Your Honor, and that is the one we have faced before." The court said, "Mr. Teerlink, knowing your calendar, you have your choice of July 14, 19, 21, 26 or 28. . . . I'm going to set it on one of those days. So you know your trial calendar." Teerlink then indicated he might have problems with his witnesses on those dates, whereupon the court stated: "July the 21st. And I'll listen to a motion to continue in the event it proves your witnesses are truly unavailable on that date." Teerlink replied: "That's fine, Your Honor." A moment later the court, observing that the trial should start on a Monday, said, "No, July 26." Teerlink replied, "26th." Throughout the proceedings Teerlink made no objection to the dates fixed by the court other than, as indicated, that he had other trial commitments and possible witness problems which might require a later date.

On July 22, 1971, Teerlink moved the municipal court for dismissal of the action under Penal Code section 1382. He grounded his motion on the failure to bring the case to trial within 30 days after the mistrial had been declared. (Pen. Code, § 1382, subd. 3.) He further pointed out that the "last paragraph of the section further provides: 'If the defendant is not represented by counsel, he shall not be deemed under this section to have

consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent.'"

The municipal court, among other things, stated: "When an attorney with 20 years of practice comes into court unrepresented, as the record indicates, advising the Court that Mr. Chapman is on vacation, he is appearing, then comes in and urges the proposition that he did not understand the proceedings, was not properly explained to him, I can conclude first he is taking every advantage of the law; secondly, it seems to me there is an element of mouse-trapping of Judge Phelps and the court in this. These are applied technically, they are also applied to produce substantial justice. I cannot find anything that would produce in this record justice by granting this motion. I find as a fact the defendant is fully competent, expert member of the State Bar of California. I can infer from the facts before me that he knowingly and intelligently understood the nature of the proceedings. That his silence on the proceedings before Judge Phelps admitted to a consent. Based on the findings of fact that I make in the matter, exercising my sound discretion and in the field of justice, I find no good cause exists, or in the interest of justice, for granting the motion. It would be denied."

As has been pointed out, the superior court on Teerlink's application for a writ of prohibition, in effect overruled the municipal court and ordered the action to be dismissed.

■ The question before us on this appeal, as it was with the superior court, is whether the municipal court abused its discretion in ruling (1) that Teerlink had waived his right to trial within the statutory 30-day period, and (2) that the "last paragraph" of section 1382 was inapplicable.

In *People* v. *Wilson,* 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452], our Supreme Court said (p. 146): "It is settled that 'the constitutional right to a speedy trial and the . . . statutory requirements may be waived'"; and that (p. 148), "in considering the legal consequences of a denial of a speedy trial it should be kept in mind that we are dealing not with a favored right such as the right 'to appear and defend, in person and with counsel' . . . but with a privilege personal to the defendant which will be *deemed to be waived if not asserted by him in timely fashion. . . .*"

We encounter no difficulty in concluding that the municipal court reasonably could, as it did, consider that Teerlink had waived his speedy trial rights under section 1382. The court had stated, "This is a mistrial and the defendant has to be tried within thirty days." Teerlink spoke only of his problems which might require a trial delay. But for the mention of these

problems, he made no objection when the court fixed the trial date as July 26. And when the court indicated that upon a proper showing the trial might nevertheless be postponed, Teerlink responded, "That's fine, Your Honor." On this record, a contrary conclusion could not reasonably have been reached by the municipal court.

Further, we conclude that Teerlink, although "not represented by counsel," had the effect of his waiver and his section 1382 rights reasonably explained to him when the court stated, "This is a mistrial and the defendant has to be tried within thirty days." We are unimpressed by the argument of Teerlink, an experienced lawyer, that because the statement was followed by the unanswered question, "Doesn't he?", he was not advised of his speedy trial rights. The municipal court's resolution of this issue was also reasonable and not abusive of its discretion.

Yet another reason appears why the decision of the superior court must be reversed. The record, beyond any question, shows an arrogant and protracted effort on the part of Teerlink to *avoid a speedy trial or any trial,* and that his instant protestations to the contrary are not made in good faith. Certainly an attorney defendant, an officer of the court, will not be permitted to mislead the court into assuming that he does not wish an early trial and then, 30 days having run, demand the action's dismissal.

As said in *People* v. *Floyd,* 1 Cal.3d 694, 707 [83 Cal.Rptr. 608, 464 P.2d 64], "Although a criminal defendant may not be deprived of a speedy trial because the prosecution—or the defense—is lazy or indifferent, or because the prosecution seeks to harass the defendant rather than bring him fairly to justice, a criminal defendant may not juggle his constitutional rights in an attempt to evade prosecution. . . . 'We cannot tolerate such bad faith and we are not constitutionally required to do so. . . .' "

The several cases relied upon by Teerlink are inapposite. In none of them was there a waiver by a defendant unrepresented by counsel after "the court has explained to him his rights under [section 1382] and the effect of his consent," as the municipal court and we have found to be the case here.

The superior court's order granting a peremptory writ of prohibition is reversed. Teerlink's criminal action will be remanded to the municipal court for trial.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied July 6, 1972, and the petition of the plaintiff and respondent for a hearing by the Supreme Court was denied August 2, 1972.