[S.F. No. 24034. Oct. 4, 1979.]

MARTIN DALE EDWARDS, Plaintiff and Appellant, v.
R. SPENCER STEELE, as Zoning Administrator, etc., et al.,
Defendants and Respondants.

**COUNSEL**

Doris Brin Walker and Stephen B. Bedrick for Plaintiff and Appellant.

George Agnost, City Attorney, Burk E. Delventhal and Diane L. Hermann, Deputy City Attorneys, for Defendants and Respondents.

## Opinion

**RICHARDSON, J.**—Plaintiff Martin Dale Edwards appeals from a judgment entered in favor of defendant R. Spencer Steele, the Zoning Administrator of the City and County of San Francisco, reversing a decision of the board of permit appeals (board) which had granted plaintiff a variance permit. We will retransfer the case to the Court of Appeal for its disposition of the merits of plaintiff's appeal. (See *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 254 [142 Cal.Rptr. 414, 572 P.2d 28]; *Taylor* v. *Union Pac. R. R. Corp.* (1976) 16 Cal.3d 893, 895 [130 Cal.Rptr. 23, 549 P.2d 855].)

Plaintiff owns a parcel of residential property in San Francisco. In 1965, he applied for and received appropriate building permits for the remodelling and repairing of his home. In reliance thereon he expended approximately $25,000 in construction costs and architect's fees. Thereafter, in 1975, as a part of his continuing renovation project, plaintiff applied for an additional building permit to complete the previous alterations by the addition of a third floor. On June 20, 1975, the zoning administrator, hereafter defendant, denied the application because plaintiff's rear yard was too small to meet building code requirements for the addition of a third floor.

In December 1975, plaintiff filed with defendant an application for a variance permit seeking his exclusion from the rear yard setback and lot coverage requirements. On April 28, 1976, defendant denied the application and on May 7, 1976, plaintiff filed a timely administrative appeal with the board, which unilaterally scheduled a hearing for May 26, more than 15 days after the appeal was filed. The hearing was rescheduled for June 16 at plaintiff's request, but the board was unable to muster a quorum on that date and the hearing was thereupon continued to June 23, more than 40 days after the appeal was filed. On that date the board held its hearing and announced its unanimous decision in plaintiff's favor, ruling alternatively that defendant abused his discretion in denying a variance, and that in any event a variance was not required "in the first place . . . ." The record reflects that an undated written decision by the

board was received by defendant on August 23, and that the board denied his request for rehearing on September 13.

Despite the board's action, defendant refused to issue a building permit and, accordingly, plaintiff brought the present mandate action to compel compliance with the board's decision. Responsive to plaintiff's petition defendant answered and filed a cross-complaint for administrative mandamus to review and annul the board's ruling. Thereafter, both parties filed motions for summary judgment, raising substantial questions concerning (1) the board's jurisdiction to determine plaintiff's appeal; (2) the substantiality of the evidence to support the board's findings; (3) the propriety of granting plaintiff a variance; (4) the correctness of the board's interpretation of building code requirements; (5) the exhaustion of plaintiff's administrative remedies; and (6) plaintiff's unclean hands in failing to secure a prior building permit.

The trial court, without specifying its reasons, denied plaintiff's motion and granted defendant's motion, which action was upheld by the Court of Appeal on the sole basis that the board lacked jurisdiction to determine plaintiff's administrative appeal.

The jurisdictional issue involves the meaning and effect of a provision of the San Francisco Municipal Code (pt. III, art. I, § 8) which (prior to an amendment in 1979) in pertinent part provided that: "On the filing of any appeal, the Board of Permit Appeals . . . shall fix the time and place of hearing, which shall be not less than five (5) nor more than fifteen (15) days after the filing of said appeal, and shall act thereon not later than forty (40) days after such filing." In the present case, the board failed to comply with either the 15-day or the 40-day requirements, and the Court of Appeal, concluding that these time requirements are "mandatory and jurisdictional," held that the board's noncompliance therewith rendered its decision void. As will appear, we have concluded that such an interpretation is too strict.

Reduced to its essentials, the issue before us is whether the 15-day and the 40-day provisions are to be deemed "directory" or "mandatory." As we recently explained, ". . . the 'directory' or 'mandatory' designation does not refer to whether a particular statutory requirement is 'permissive' or 'obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates. [Citations.]" (*Morris* v. *County of Marin* (1977) 18

Cal.3d 901, 908, [136 Cal.Rptr. 251, 559 P.2d 606], fn. omitted.) If the failure to comply with a particular procedural step does not invalidate the action ultimately taken, as determined by applying certain tests discussed below, the procedural requirement is referred to as "directory." If, on the other hand, it is concluded that noncompliance does invalidate subsequent action, the requirement is deemed "mandatory." (*Id.*, at p. 909.)

■ We have held that, generally, requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. (See, e.g., *Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 435-436 [196 P.2d 884]; *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1]; *Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 27 [43 P.2d 300]; see also *Radovich* v. *Agricultural Labor Relations Bd.* (1977) 72 Cal.App.3d 36, 47 [140 Cal.Rptr. 24]; *Anderson* v. *Pittenger* (1961) 197 Cal.App.2d 188, 194 [17 Cal.Rptr. 54]; cf. *City and County of San Francisco* v. *Cooper* (1975) 13 Cal.3d 898, 931 [120 Cal.Rptr. 707, 534 P.2d 403].) In ascertaining probable intent, California courts have expressed a variety of tests. In some cases focus has been directed at the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. (*Morris, supra,* at pp. 909-910; *Pulcifer, supra,* at p. 262; *Francis, supra,* at pp. 28-29.) Other cases have suggested that a time limitation is deemed merely directory "unless a consequence or penalty is provided for failure to do the act within the time commanded." (*Garrison, supra,* at pp. 435-436; see *McDonald's Systems of California, Inc.* v. *Board of Permit Appeals* (1975) 44 Cal.App.3d 525, 544-545, fn. 15 [119 Cal.Rptr. 26], and cases cited.)

■ The same result is reached by the application of either of these general tests to the ordinance at issue, leading us to conclude that the 15-day and the 40-day provisions were intended to have only a directory effect. The probable intent underlying the ordinance was to assure *to the aggrieved party* a reasonably timely hearing of, and decision on, his administrative appeal. To hold that the provisions are mandatory and jurisdictional under the circumstances of the present case would seemingly defeat the foregoing purpose by depriving the aggrieved party of his appeal through no fault of his own. Moreover, no "consequence or penalty" for noncompliance with the time limitations is contained in the ordinance, and nothing in the language thereof suggests an intent to nullify a timely filed appeal solely because the board has delayed in acting thereon. We also find it noteworthy that defendant has not claimed

any actual prejudice by reason of the insubstantial delays involved herein.

Several appellate cases have recognized that it would be improper, or even unconstitutional, to hold that an administrative board's failure to act within the period prescribed by statute or ordinance divests a board of its jurisdiction to rule upon a timely appeal. (See *Ursino* v. *Superior Court* (1974) 39 Cal.App.3d 611, 620-622 [114 Cal.Rptr. 404] [denial of due process]; *Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.* (1964) 231 Cal.App.2d 501, 509-510 [42 Cal.Rptr. 58] [a "monstrous" result]; *Peak* v. *Industrial Acc. Com.* (1947) 82 Cal.App.2d 926, 932 [187 P.2d 905] [an "absurd" result]; *Radovich* v. *Agricultural Labor Relations Bd., supra,* 72 Cal.App.3d at p. 47.)

*Ursino,* on which both parties herein rely, is particularly instructive for it involved the identical provision of the San Francisco Municipal Code. Petitioners in *Ursino* had filed their appeal with the board on July 16, 1973, and the board had originally set a hearing for July 30, but the hearing was postponed beyond the 40-day period because of absences and vacancies on the board.

The *Ursino* court first concluded that the 40-day provision was indeed mandatory and jurisdictional, basing that conclusion upon its mandatory language ("shall act [on the appeal] not later than") and upon our own discussion of the provision in *Russian Hill Improvement Assn.* v. *Board of Permit Appeals* (1967) 66 Cal.2d 34, 41-42 [56 Cal.Rptr. 672, 423 P.2d 824]. Despite the foregoing conclusion, however, the court in *Ursino* recognized that a *denial of due process* would occur if the aggrieved party was denied a hearing solely because of the board's own inability to act within the mandatory 40-day period. As the court explained, ". . . it was impossible, impracticable and futile for the Board to proceed with a hearing upon petitioners' appeal during this . . . period because the Board consisted of only three members. The period during which the Board could not act should be excluded from the 40-day limitation period. Under the due process mandate we may decisionally declare such an exclusion and thus bring into play the rule hereinabove alluded to that where a statute is peremptory in fixing the time within which the act is to be done the prescribed time may be extended by an order made for that purpose under authority of law. [Citations.]" (Pp. 621-622.)

Thus, the *Ursino* court diluted the apparent severity of its holding regarding the mandatory nature of the 40-day provision by applying a

variant of the familiar rule that the time within which an action must be brought to trial (Code Civ. Proc., § 583) "is extended by that period of time during which it would have been impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the prescribed period. [Citation.]" (*Id.,* at p. 622.) In net effect, *Ursino* may be said to stand for the proposition that time limitations such as the 40-day provision may not be applied to deprive a litigant of his administrative appeal if the delay was attributable to causes beyond his control.

We need not go so far as to hold the provision before us unconstitutional, because *Ursino*'s characterization of the provision as "mandatory and jurisdictional" is questionable. As noted above, *Ursino* relied upon the mandatory language of the provision, yet several prior cases have explained that seemingly mandatory language need not be construed as jurisdictional where to do so might well defeat the very purpose of the enactment or destroy the rights of innocent aggrieved parties. (E.g., *Francis* v. *Superior Court, supra,* 3 Cal.2d at pp. 28-29; *Liberty Mut. Ins. Co.* v. *Ind. Acc. Com., supra,* 231 Cal.App.2d at pp. 509-510.) In other words, the provision at issue may be considered mandatory only in the sense that the board "could be mandated to act if it took more time than the short period allotted." (*Liberty Mut. Ins. Co.,* at p. 510 [interpreting the seemingly mandatory language of the 30-day limitation in Lab. Code, § 5313]; see also *McDonald's Systems of California, Inc.,* v. *Board of Permit Appeals, supra,* 44 Cal.App.3d at p. 541.)

As we have noted, although *Ursino* also relied upon our *Russian Hill* case, *supra,* the latter case contains only a brief reference to the limitations provision stating that it "provide[s] that the Board of Permit Appeals must enter its final order not later than 40 days after the filing with it of the first appeal." (P. 42.) This language, unaccompanied by any citation or discussion of authority, was aimed at refuting the assertion that the board is empowered to grant requests for rehearing without any limitation as to time. (Pp. 41-42.) Our discussion did not focus upon the present issue—whether the 40-day provision is jurisdictional, operating to deprive a litigant of his administrative appeal in the event of the board's own noncompliance with that provision.

We conclude that although the board could have been mandated to comply with the 15-day and the 40-day requirements, these provisions are not to be deemed jurisdictional thereby depriving an aggrieved party of his right to appeal. In the present case, the record is uncontradicted that

on May 7 plaintiff filed a timely administrative appeal with the board, yet the board unilaterally set the hearing date for May 26, more than 15 days from the filing date. Thus, as to the 15-day hearing requirement, it is clear that the fact of plaintiff's noncompliance was wholly beyond his control.

With respect to the 40-day requirement, plaintiff had asked that the May 26 hearing be reset for June 16, a date which fell *within* the 40-day period in which the board was required to act on the appeal. Because of factors beyond plaintiff's control, however, the board was unable to muster a quorum on that date and a further continuance was required to a date beyond the 40-day period. Once again, the board's own noncompliance with the 40-day requirement did not deprive it of jurisdiction to hear and act upon plaintiff's administrative appeal.

The cause is retransferred to the Court of Appeal, First Appellate District, for disposition of plaintiff's appeal on its merits.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.