4 Cal.Rptr.3d 62 (2003)
111 Cal.App.4th Supp. 1
Kelly Jo WILLIAMS, Petitioner,
v.
The SUPERIOR COURT of San Mateo County, Respondent.
The People, Real Party in Interest.
No. 429858.
Appellate Division, Superior Court, San Mateo County.
July 8, 2003.
*64 J. David Nick, for petitioner.
No appearance for respondent.
James D. Fox, District Attorney, and Rebecca Baum, Deputy District Attorney, for real party in interest.

*63 OPINION
QUENTIN L. KOPP, J.

1. Trial Court Proceedings
This matter represents petitioner's third mandamus petition in the instant criminal action. We apply an existing rule of law to a set of facts significantly different from those stated in published opinions.
Petitioner was charged with violating Health and Safety Code section 11377, subdivision (a) by unlawfully possessing a controlled substance commonly called "MDMA." The complaint was filed on December 17, 2001. After arraignment, she filed a demurrer to the complaint, contending possession of MDMA was not a Health and Safety Code section 11377, subdivision (a) violation. The demurrer was overruled by respondent court on March 1, 2002. Petitioner then sought a writ of mandate/prohibition from this court, arguing that respondent court exceeded its jurisdiction in erroneously denying the demurrer and that the complaint failed to provide petitioner with adequate notice as to the unlawful act of which she was charged. This court granted the writ, commanding the real party in interest the People to file an amended complaint.
On May 20, 2002, the People filed an amended complaint, alleging that petitioner "did willfully and unlawfully possess a controlled substance, methalenedioxy methamphetamine (MDMA) an analog of methalededioxy-amphetamine (MDA) in violation of" Health and Safety Code section 11377, subdivision (a). On July 27, 2002, petitioner filed a demurrer to the amended complaint pursuant to Penal Code section 1004, subdivision 4,[1] arguing that the amended complaint failed to provide adequate notice of the word "analog" and that Health and Safety Code section 11401, defining controlled substance analogs, was unconstitutionally vague. On August 23, 2002, respondent court overruled the demurrer on the constitutional ground, but sustained it for lack of adequate notice of the alleged crime, and granted the People leave to amend within 60 days. The respondent court then scheduled for October 29, 2002, the arraignment on the expected second amended pleading. Petitioner, after the People iterated their statutory right to additional time to file a second amended complaint, suggested 15 days and then assented to a 60-day limit to plead further as suggested by respondent court's query: "What if she [the prosecutor] needs 60 days?"
On October 11, 2002, petitioner again sought a writ of mandamus or other appropriate relief in this court. The hearing on *65 that petition in this court was scheduled for October 31, 2002. On October 25, 2002, 63 days after respondent court had granted petitioner's demurrer to the amended complaint for failure of adequate notice of the charge, the People filed a second amended complaint, specifying MDMA as an "analog of methalededioxy amphetamine (MDA)" within the pertinent Health and Safety Code section 11401 definition.
Thereafter, this court vacated the October 31, 2002, hearing on petitioner's second petition for a writ of mandate or other appropriate relief. On October 29, 2002, petitioner pleaded not guilty in respondent court.[2] The case was set for a pretrial conference and trial. On November 12, 2002, this court filed its order denying petitioner's second petition for extraordinary relief.
On December 6, 2002, petitioner appeared at the pretrial conference and filed a third demurrer, together with a section 1538.5 suppression motion and a motion to dismiss the case based on section 1008. On January 29, 2003 (the People having filed opposition to petitioner's motion to dismiss the action and her third demurrer), respondent court denied the motion to dismiss the action and overruled the demurrer, stating: "I am denying the motion to dismiss on the ground that the entry of the plea and the delay in bringing the motion to dismiss constituted a waiver, an estoppel and/or laches." In doing so, the trial court announced its reliance upon People v. Apple (1922) 57 Cal.App. 110, 114, 206 P. 487 and Code of Civil Procedure section 583.140.[3]
Petitioner then filed the instant mandamus petition, requesting vacation of the order denying her motion to dismiss the action and citing sections 1007 and 1008 as statutory support for her contention that the second amended complaint allowed by respondent court on August 23, 2002, had not been filed within the 10-day period mandated by section 1007 or the 60-day period permitted by respondent court. On March 26, 2003, this court stayed proceedings in respondent court and issued its order to the People to show cause why the requested relief should not be granted.

2. The Decision
Petitioner argues that respondent court erroneously utilized Code of Civil Procedure section 583.140 in rejecting her motion to dismiss the action and that even if her plea and alleged consent on August 23, 2002, to the filing of a second amended complaint within 60 days comprised a waiver of the mandatory jurisdictional 10-day limit for filing an amended complaint, the People failed to obey even the 60-day limit ordered by the trial court. The People assert that no abuse of discretion occurred by respondent court's use of civil law principles in denying the motion to dismiss the case, that the 60-day allowance to file a second amended complaint was proper, and that petitioner essentially waived any objection to the late filing of the second amended complaint by thereafter entering a plea to it.
This court possesses power to review respondent court's order for a determination of whether discretion has been abused. (Winton v. Municipal Court (1975) 48 Cal.App.3d 228, 236-237, 121 Cal.Rptr. 561.) Section 1007 states that upon the sustaining of a demurrer to a complaint, *66 "... the court must, if a defect can be remedied, permit the filing of an amended complaint within such time not exceeding 10 days as it may fix." (Italics added.) Section 1008 requires that if a demurrer is sustained with leave to amend and the amended pleading is not filed "... within the time fixed therefor, the action shall be dismissed ..." (Italics added.) Sections 1007 and 1008 constitute mandates. Evidence Code section 11 declares that in a statute the word "shall" means mandatory and "may" connotes permissive. If a statutory requirement rests upon rendering "proceedings orderly, systematic, and speedy and the failure to comply does not injure the interested party, the requirement is generally deemed directory." (People v. Williams (1999) 77 Cal.App.4th, 436, 449, 92 Cal.Rptr.2d 1.) If the requirement is, however, "designed to protect an individual and the failure to comply might harm the individual, the requirement is generally mandatory. [Citation.]" (Ibid.) The Williams court added: "[T]he lack of a penalty or consequence for noncompliance with a statutory procedure is indicative of a directory requirement." (Id., at p. 451, 92 Cal.Rptr.2d 1.)
Section 1008 uses "shall" in stating a case is to be dismissed because of failure to file an amended complaint within the requisite time limit. The penalty of dismissal is explicit. A demurrer's purpose under section 1004 is dismissal of a pleading which lacks adequate notice of the public offense charged or charges one that is unconstitutional so as to generate a legally sufficient accusation. The section 1007 time limit promotes a speedy resolution of such issues. The accusatory pleading is an indispensable part of the case. If the People cannot file one that complies with due process and other statutory notice elements, then prosecution should end by dismissal of the action so as to protect the accused from improper prosecution. (Cf. Edwards v. Steele (1979) 25 Cal.3d 406, 409-410, 158 Cal.Rptr. 662, 599 P.2d 1365.) We, therefore, conclude section 1008 is mandatory.
Contrary to the People's assertion, section 1009 does not control the facts at bar. While that section confers discretionary power upon a court to allow amendments at any stage of the proceedings and within any time it desires, the section contains no explicit time limit for amendments after the sustaining of a demurrer. The section simply allows an amended complaint without leave of court at any time before a defendant pleads or a demurrer to the original pleading is sustained. Only section 1007 contains any express time limit for filing an amended complaint after a demurrer has been sustained by court order. Section 1009's language permitting the filing of an amended complaint "... for any defect or insufficiency, at any stage of the proceedings, ..." follows the section's grant of authority to file without leave of court an amended complaint "at any time before the defendant pleads or a demurrer to the original pleading is sustained." Thus, we construe section 1009 to mean that an amended complaint will be permitted after a defendant pleads, or within such discretionary time limit as the court directs subject to section 1007, but that section 1007 controls one unmistakable circumstance, namely, filing an amended complaint after a successful demurrer. Section 1007 specifies the amended complaint must then be filed "... within such time not exceeding 10 days as [the court] may fix." Respondent court, therefore, abused its discretion in allowing the People 60 days within which to file an amended complaint after petitioner's second demurrer was sustained.
*67 Moreover, civil law was improperly employed to justify the denial of petitioner's motion to dismiss. The California Supreme Court reiterated in People v. Superior Court (Laff) (2001) 25 Cal.4th 703, 729 at footnote 12, 107 Cal.Rptr.2d 323, 23 P.3d 563 the cardinal principle expressed in People v. Castello (1998) 65 Cal.App.4th 1242, 1247, 77 Cal.Rptr.2d 314 that only certain specified parts of the Code of Civil Procedure apply to criminal cases. Part I Code of Civil Procedure provisions may apply to criminal actions. Code of Civil Procedure section 583.140 is, however, contained in part II. Additionally, Code of Civil Procedure section 583.120, subdivision (b) expressly states that chapter 1.5 of part II (within which Code of Civil Procedure section 583.410 is located) applies to a civil action and may also be applied to special proceedings "except to the extent such application would be inconsistent with the character of the special proceeding or the statute governing the special proceeding."
Code of Civil Procedure sections 22 and 23 define a special proceeding, but a more understandable definition exists in Church v. County of Humboldt (1967) 248 Cal.App.2d 855, 858, at footnote 3, 57 Cal.Rptr. 79, in which the court explains: "A special proceeding has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief. And, generally speaking, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity. [Citations.]"
A hearing to determine whether property seized pursuant to a search warrant before anyone has been charged in a criminal case should remain available to law enforcement or returned to the owner represents an example of a special proceeding in a criminal case. (People v. Superior Court (Laff), supra, 25 Cal.4th 703, 723-725, 107 Cal.Rptr.2d 323, 23 P.3d 563.) The matter presented to this court cannot be classified as a special proceeding; it is a criminal action and, as such, nothing in a motion to dismiss the action supports the use of Code of Civil Procedure section 583.140; it cannot apply to the facts at bar.
Neither does People v. Apple, supra, 57 Cal.App. 110, 206 P. 487 compel reliance. That case involved the power of the prosecution to appeal a trial court's sustaining of a demurrer. Apple does not address the proper time limit for filing an amended criminal complaint. Furthermore, the court's usage of civil law in Apple was not direct interposing of a statute but rather a theory as to processing appeals of demurrer rulings in criminal actions in light of enactment of section 1008,[4] which, as noted, allowed amendment of criminal complaints, and section 1238, which provided that "... an appeal may be taken by the people `from a judgment for the defendant on a demurrer to the indictment, accusation or information.'" (Apple, supra, at p. 112, 206 P. 487.) Prior cases had held an order sustaining a demurrer amounted to a final judgment because criminal pleadings were not amendable, but with the enactment of section 1008, the court found the rule articulated in those cases was unnecessary, reasoning: "Since section 1008 of the Penal Code was amended, as indicated above, there is no reason why the rule as to appeals in civil cases for the purpose of having the order of the court sustaining a demurrer reviewed should not be applicable in criminal cases, and that the appeal in such instances should be from the judgment entered upon the order sustaining the demurrer and not from the order itself." (Apple, supra, at p. 114, 206 P. 487.) The decision in Apple was manifestly supported by criminal statutes already *68 in existence at the time of the case; no separate civil statutes were expressly applied.
While petitioner's reliance on Cowan v. Superior Court (1996) 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438 appears misplaced,[5] the People's reliance on People v. McGhee (1987) 193 Cal.App.3d 1333, 239 Cal.Rptr. 28 is also misplaced, notwithstanding its holding that a defendant in a criminal case waived his right to the filing of an information within 15 days from the trial court's finding of probable cause after a preliminary examination. In McGhee, the court considered several facts to warrant a waiver: the defendant had entered a plea to an amended indictment, filed several other motions based on the indictment's use as an accusatory pleading, then waited approximately 14 months to assert a motion to dismiss the case on the first day of trial. (Id., at p. 1344, 239 Cal.Rptr. 28.) Moreover, in Ciaccio v. Superior Court (1984) 156 Cal.App.3d 130, 132-134, 202 Cal.Rptr. 674, the court held that mere failure to object to a late arraignment date was insufficient for a waiver.
Based upon the foregoing authorities, to find a waiver effective there must be additional actions by a criminal defendant regarding an amended complaint other than simply failing immediately to object to it upon its filing. The sequence of events on August 23, 2002, is instructive. After respondent court announced its sustaining of the demurrer "... on grounds that it needs greater specificity, ..." the People's attorney stated: "I believe we are entitled to statutorily more time to amend the complaint.... I believe that we are given ten days." Respondent court stated it was willing to grant more time. Petitioner stated that 15 days would be agreeable to her. Respondent court then asked: "What if she needs 60 days?" Petitioner's answer was: "Fine." While petitioner appears expressly to have consented to the court's 60-day time limit for filing the amended complaint, such consent followed the People's specific recognition of the 10-day filing limit. Petitioner certainly did not request the 60-day time limit. In addition, at the time petitioner pleaded not guilty to the amended complaint, she reserved her right to demur and challenge its sufficiency again. No express and knowing waiver of her right to challenge the failure to file the amended complaint in a timely manner occurred. Finally, even after the invalid granting of 60 days to file the second amended complaint, the People still filed the pleading late. The People's assertion that the late filing is excused by petitioner's filing an additional writ petition with this court lacks merit.
Because of respondent court's extension of the time limit for filing the second amended complaint beyond the statutory time limit mandate, petitioner's conceded reservation of her right to challenge that pleading and the lack of waiver of her section 1007 right, the order denying petitioner's motion to dismiss the case must be vacated. Let a preemptory writ of mandate issue, directing respondent court to vacate such order and enter a new and different order dismissing the action against petitioner. The stay order previously issued herein is modified to permit respondent court to conduct proceedings consistent with this opinion and, as modified, shall remain in effect until this opinion becomes final, at which time it shall be dissolved.
HOLM, P.J., and RUNDE, J., concurred.
NOTES
[1] Unless otherwise specified, all code references will be to the Penal Code.
[2] The People concede petitioner asserted her right to demur to the second amended complaint although not mentioning a motion to dismiss.
[3] Code of Civil Procedure section 583.140 declares: "Nothing in this chapter abrogates or otherwise affects the principles of waiver and estoppel."
[4] Section 1008 was the precursor of the current section 1009.
[5] The Cowan court determined that a defendant could waive the statute of limitations in a criminal case under certain conditions. (Cowan v. Superior Court, supra, 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438.)