35 Cal.Rptr.3d 708 (2005)
133 Cal.App.4th 32
Randa OSMAN, Petitioner,
v.
APPELLATE DIVISION OF the SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
The People, Real Party in Interest.
No. B181672.
Court of Appeal, Second District.
November 16, 2005.
*709 Law Offices of Mark J. Werksman, Mark J. Werksman, Michelle Michaels, Steve Meister and Kelly C. Quinn, Los Angeles, for Petitioner.
No appearance for Respondent.
Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, and Candice I. Horikawa, Deputy City Attorney, for Real Party in Interest.
MALLANO, J.
Penal Code section 1007 states that following an order sustaining a defendant's demurrer to a criminal complaint for a defect that can be remedied by amendment, the court must permit amendment "within such time not exceeding 10 days as it may fix." Penal Code section 1008 requires that the action be dismissed if an amended complaint is not filed within the time fixed. Here, an order sustaining the demurrer of petitioner, Randa Osman, allowed 33 days to amend. No objection was interposed, but 22 days later Osman filed a motion to dismiss the complaint. We conclude that by her silence in the face of the trial court's order permitting amendment beyond the statutory time limit, Osman forfeited her right to have the amended complaint filed within 10 days. Accordingly, we deny Osman's petition seeking an order directing that the complaint be dismissed.

BACKGROUND
Osman was charged by complaint with misdemeanor vehicular manslaughter (Pen.Code, § 192, subd. (c)(1)) for causing death while driving in the commission of an unlawful act not amounting to a felony. (People v. Osman (Super.Ct.L.A.County, 2004, No. 4MT08585).) (Further undesignated section references are to the Pen.Code.) A space in the complaint to identify the "unlawful act" Osman allegedly had committed was left blank. Arraignment was set for September 29, 2004. At that time, Osman waived her speedy trial rights, the matter was continued to October 12, and Osman was ordered released on her own recognizance. On October 12, Osman again waived time, and the arraignment was continued to November 10. The *710 court (Hon. Anne E. Egerton) stated there would be no additional continuances.
At the November 10, 2004 arraignment, Osman filed a demurrer on the ground that the complaint provided inadequate notice by failing to identify the alleged unlawful act. A deputy city attorney representing the People told the court that he was standing in for the prosecutor to whom the case had been assigned and requested that the matter be continued. The court (Hon. Michael T. Sauer) noted that no further continuances were to be granted and denied the request. Osman's demurrer was then sustained, notwithstanding having been filed earlier that day. The People were given 33 days, until Monday, December 13, 2004, to file an amended complaint, and proceedings were continued to that date. Neither party objected to the December 13 date, nor was there any mention that the date was beyond the 10-day limit of section 1007.
On December 2, 2004 (22 days after the order sustaining the demurrer), Osman filed a motion to dismiss the complaint for failure to file a timely amendment. On December 7, the People filed both opposition to Osman's motion and an amended complaint. (The amended complaint alleged two counts of misdemeanor vehicular manslaughter (§ 192, subds.(c)(2), (3)) and identified the unlawful acts as speeding, following too closely, and driving while intoxicated.)
At the next court hearing, which was held on December 15, 2004, the court (Judge Sauer) stated he had not realized at the November 10 hearing that Osman's demurrer had been filed only that day. Osman's motion to dismiss was denied, the trial court noting: "I didn't hear the defense object when I gave the People thirty days to file an amended complaint." Osman was then arraigned and a pretrial hearing was set for December 29. At Osman's request, the hearing was rescheduled to a later date.
On January 12, 2005, Osman filed a petition for a writ of mandate in the Appellate Division of the Superior Court of Los Angeles County, challenging the denial of her motion to dismiss. On February 14, the petition was denied by the appellate division, and on March 15, Osman filed a similar petition for a writ of mandate in this court. We issued a temporary stay of further trial court proceedings on March 23. On March 24, 2005, we ordered the superior court to show cause why a peremptory writ should not issue. A return has been filed by real party in interest, the People of the State of California, to which Osman has replied.

DISCUSSION
Osman contends that the statutory procedure for amendment of a criminal complaint following an order sustaining a demurrer is mandatory and implicates the court's fundamental jurisdiction. Therefore, according to Osman, the time limit for amendment of the complaint cannot be waived or forfeited.[1] We disagree.

1. Pertinent Authority
Many of the legal principles pertinent to this controversy have been set forth by the Court of Appeal in People v. Williams *711 (1999) 77 Cal.App.4th 436, 92 Cal.Rptr.2d 1, as follows:
"In Morris v. County of Marin (1977) 18 Cal.3d 901, 136 Cal.Rptr. 251, 559 P.2d 606, the court explained the difference between mandatory and directory statutory requirements. `[T]he term "mandatory" refers to an obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses. By contrast, the "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' (Id. at p. 908, 136 Cal.Rptr. 251, 559 P.2d 606.) Thus, a mandatory statute triggers fundamental jurisdiction.
"There is no simple test to determine whether a statutory requirement is mandatory or directory. [Citation.] As in all cases of statutory interpretation, the court `"must ascertain the legislative intent. In the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failing to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation]. . . ."'" [Citation.]
"Concerning statutory time limitations in particular, however, our Supreme Court has recognized a general rule that `. . . requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. [Citations.] In ascertaining probable intent, California courts have expressed a variety of tests. In some cases focus has been directed at the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. [Citations.] Other cases have suggested that a time limitation is deemed merely directory "unless a consequence or penalty is provided for failure to do the act within the time commanded." [Citations.]' [Citations.]" (People v. Williams, supra, 77 Cal.App.4th at pp. 447-448, 92 Cal.Rptr.2d 1.)
In arguing that her motion for dismissal should have been granted, Osman relies primarily on the decision of the Appellate Division of the Superior Court of San Mateo County in Williams v. Superior Court (2003) 4 Cal.Rptr.3d 62, 111 Cal.App.4th Supp. 1 (which is not related to the Court of Appeal's People v. Williams, supra, 77 Cal.App.4th 436, 92 Cal.Rptr.2d 1). In Williams v. Superior Court, when the defendant's demurrer to a misdemeanor complaint was granted with 10 days' leave to amend, the prosecutor erroneously argued that the People were statutorily entitled to more time, and the defendant suggested 15 days. (111 Cal.App.4th Supp.at pp. 4-5, 9, 4 Cal.Rptr.3d 62.) The trial court "then asked: `What if [the prosecutor] needs 60 days?' [The defendant's] answer was: `Fine.'" (Id. Supp. at p. 9, 4 Cal.Rptr.3d 62.) An amended complaint was filed 63 days later, and the defendant thereafter sought dismissal of the action on grounds that the amended complaint "had not been filed within the 10-day period mandated *712 by section 1007[2] or the 60-day period permitted by [the trial] court." (111 Cal.App.4th Supp. at pp. 5-6, 4 Cal.Rptr.3d 62.)
Addressing the difference between mandatory and directory statutes, the San Mateo Appellate Division in Williams v. Superior Court stated: "Section 1008 uses `shall' in stating a case is to be dismissed because of failure to file an amended complaint within the requisite time limit.[3] The penalty of dismissal is explicit. A demurrer's purpose. . . is dismissal of a pleading which lacks adequate notice of the public offense charged or charges one that is unconstitutional so as to generate a legally sufficient accusation. The section 1007 time limit promotes a speedy resolution of such issues. The accusatory pleading is an indispensable part of the case. If the People cannot file one that complies with due process and other statutory notice elements, then prosecution should end by dismissal of the action so as to protect the accused from improper prosecution. [Citation.] We, therefore, conclude section 1008 is mandatory." (Williams v. Superior Court, supra, 111 Cal.App.4th Supp. at pp. 6-7, 4 Cal.Rptr.3d 62.)
The San Mateo Appellate Division in Williams v. Superior Court next addressed the issue of waiver. It reviewed several cases, including Ciaccio v. Superior Court (1984) 156 Cal.App.3d 130, 132-134, 202 Cal.Rptr. 674, which it characterized as having held that "mere failure to object to a late arraignment date was insufficient for a waiver." (Williams v. Superior Court, supra, 111 Cal.App.4th Supp. at p. 9, 4 Cal.Rptr.3d 62.) The appellate division concluded that "to find a waiver effective there must be additional actions by a criminal defendant regarding an amended complaint other than simply failing immediately to object to it upon its filing." (Ibid.) Under this test, no waiver had occurred because the defendant "certainly did not request the 60-day time limit" and made "[n]o express and knowing waiver of her right to challenge the failure to file the amended complaint in a timely manner," and "even after the invalid granting of 60 days to file the . . . amended complaint, the People still filed the pleading late." (Ibid.)
In opposition, the People rely on People v. Wilson (1963) 60 Cal.2d 139, 32 Cal. *713 Rptr. 44, 383 P.2d 452 and its progeny. Wilson involved the right to a speedy trial under section 1382. Like section 1008, section 1382 specifies the sanction of dismissal for a violation of its provisions.[4] The Wilson court held that "[t]he right to a speedy trial . . . will be deemed waived unless the defendant both objects to the date set and thereafter files a timely motion to dismiss." (People v. Wilson, supra, 60 Cal.2d at p. 146, 32 Cal.Rptr. 44, 383 P.2d 452.) Nevertheless, "in considering the legal consequences of a denial of a speedy trial it should be kept in mind that we are dealing not with a favored right such as the right `to appear and defend, in person and with counsel' (Cal. Const., art. I, § 13; [citation]) but with a privilege personal to the defendant which will be deemed to be waived if not asserted by him in timely fashion." (People v. Wilson, supra, 60 Cal.2d at p. 148, 32 Cal. Rptr. 44, 383 P.2d 452.)
Cases applying People v. Wilson, supra, 60 Cal.2d 139, 32 Cal.Rptr. 44, 383 P.2d 452, include Teerlink v. Municipal Court (1972) 25 Cal.App.3d 1138, 1140, 102 Cal.Rptr. 505. Teerlink involved a provision of former section 1382, subdivision (3) (now subd. (a)(3)), that a misdemeanor must be dismissed if it is not brought to trial within 30 days after a mistrial has been declared. There, a mistrial was declared on the driving-under-the-influence prosecution of a prominent attorney. At a hearing to set the matter for retrial, the court made reference to the 30-day limit. The defendant, representing himself, stated that his own calendar commitments created a problem, and the court set a date for retrial beyond the 30-day period. (Teerlink v. Municipal Court, supra, 25 Cal.App.3d at p. 1141, 102 Cal.Rptr. 505.) In rejecting the defendant's argument that the case should have been dismissed when the 30 days expired, the court relied on that language of People v. Wilson, supra, 60 Cal.2d at page 148, 32 Cal.Rptr. 44, 383 P.2d 452, quoted in the previous paragraph, regarding the waiver of a disfavored right. (Teerlink v. Municipal Court, supra, 25 Cal.App.3d at p. 1142, 102 Cal.Rptr. 505.) The Teerlink court further noted that the defendant did not object when the retrial was set beyond the 30-day limit, concluding that the defendant should not be "permitted to mislead the court into assuming that he does not wish an early trial and then, 30 days having run, demand the action's dismissal." (Id. at p. 1143, 102 Cal.Rptr. 505; see also People v. Murray (1967) 247 Cal.App.2d 730, 732-733, 56 Cal.Rptr. 21 [citing People v. Wilson, supra, 60 Cal.2d 139, 32 Cal.Rptr. 44, 383 P.2d 452, in finding waiver of speedy trial rights where the defendant asked for filing of information beyond the statutory time limit].)
Another case applying People v. Wilson, supra, 60 Cal.2d 139, 32 Cal.Rptr. 44, 383 P.2d 452, is the Court of Appeal's opinion in People v. Williams, supra, 77 Cal.App.4th 436, 92 Cal.Rptr.2d 1, quoted at length at the beginning of this part of the Discussion (ante, at p. 710-711). People v. Williams involved the Mentally Disordered Prisoners Act (MDPA), section 2960 et seq., which permits a one-year extension of incarceration for involuntary treatment if certain findings are made at a trial that is required to commence at least 30 days before a defendant's scheduled release date. In People v. Williams, the defendant did not object when his extension trial did not start within the permissible period. The Court of Appeal first looked *714 to whether the statutory time limit was mandatory or directory. (77 Cal.App.4th at p. 447, 92 Cal.Rptr.2d 1.) In concluding the statute was directory, the court noted that the statute did not set forth a penalty or consequence for noncompliance. (Id. at p. 451, 92 Cal.Rptr.2d 1.) It further noted that to construe the deadline as mandatory would both hinder the legislative purpose of protecting the public and be a disservice to those prisoners who require further treatment. (Id. at p. 449, 92 Cal.Rptr.2d 1.) "[W]here a statutory requirement is designed to make proceedings orderly, systematic, and speedy and the failure to comply does not injure the interested party, the requirement is generally deemed directory. Conversely, where a requirement is designed to protect an individual and the failure to comply might harm the individual, the requirement is generally mandatory." (Ibid.)
Turning to the question of waiver, People v. Williams relied on People v. Wilson, supra, 60 Cal.2d at pages 146-148, 32 Cal. Rptr. 44, 383 P.2d 452, among other cases, and "[found] no meaningful basis to distinguish an alleged violation [of the date requirements for an extension trial] from a violation of section 1382." (People v. Williams, supra, 77 Cal.App.4th at p. 460, 92 Cal.Rptr.2d 1.) The Court of Appeal concluded in People v. Williams that the defendant's failure to object to a late trial beyond the required time limit constituted a waiver of any claim based on the statutory requirement. (Id. at p. 461, 92 Cal. Rptr.2d 1.)

2. Analysis
Returning to Osman's argument that this case is controlled by the rationale of the San Mateo Appellate Division's decision in Williams v. Superior Court, supra, 4 Cal.Rptr.3d 62, 111 Cal.App.4th Supp. 1, we disagree. That case is distinguishable on its facts in that the People there did not file an amended complaint even within the 60-day period mistakenly permitted by the trial court. (Id. Supp. at pp. 5-6, 9, 4 Cal.Rptr.3d 62.) In addition, the appellate division's reliance on Ciaccio v. Superior Court, supra, 156 Cal.App.3d 130, 202 Cal.Rptr. 674, was misplaced.
Ciaccio v. Superior Court, supra, 156 Cal.App.3d 130, 202 Cal.Rptr. 674, involved the requirement of former section 1382, subdivision (1) (now subd. (a)(1)), that an action must be dismissed if an information is not filed within 15 days of holding a defendant to answer for a criminal offense. In Ciaccio, the defendant stood mute when, upon finding sufficient cause to hold him over for trial in the superior court, the magistrate set a superior court arraignment for 16 days later. In opposition to the defendant's motion under section 995, the People argued that the defendant had waived the 15-day requirement based on his failure to object. The argument was rejected on grounds that, because the 15-day requirement applies only to the filing of an information (over which the prosecutor has sole authority) and not to the arraignment, the defendant's waiver of time for arraignment did not waive the 15-day requirement for filing the information. Thus, "there was no error to which [the defendant] could have objected." (Ciaccio v. Superior Court, supra, 156 Cal.App.3d at p. 133, 202 Cal.Rptr. 674.) Unlike Ciaccio, in the San Mateo Appellate Division's Williams v. Superior Court and in this case there was an error to which the defendant could have objected, but the defendant failed to do so.
The most important reason we decline to follow the San Mateo Appellate Division's Williams v. Superior Court is that we disagree with its failure to find waiver or forfeiture of the statutory requirement of *715 filing an amended complaint within 10 days. To be sure, "there is no simple, mechanical test for determining whether a provision should be given `directory' or `mandatory' effect." (Morris v. County of Marin, supra, 18 Cal.3d at pp. 909-910, 136 Cal.Rptr. 251, 559 P.2d 606.) And in making that determination in this case, we recognize that because section 1008 involves a time limit, the sanction of dismissal that it sets forth weighs in favor of concluding the limit is mandatory rather than directory. (See Edwards v. Steele (1979) 25 Cal.3d 406, 410, 158 Cal.Rptr. 662, 599 P.2d 1365; People v. Williams, supra, 77 Cal.App.4th at p. 448, 92 Cal.Rptr.2d 1.) In addition, section 1382, subdivision (a)(2)(B) and (3)(B), and section 2972, subdivision (a) of the MDPA specifically mention the possibility of waiver, and section 1008 does not. But as with determinations under section 1382 and the MDPA, a defendant's right to have an amended complaint filed within 10 days of the sustaining of a demurrer is "not . . . a favored right. . . ." (People v. Wilson, supra, 60 Cal.2d at p. 148, 32 Cal.Rptr. 44, 383 P.2d 452.) This is especially true here in that Osman had been released on her own recognizance and agreed to continuances in the proceedings. Thus, the 10-day limit of section 1007 did not have a meaningful effect either on her custodial status or on any strategy on her part that might have called for an early trial.
We are presented with a trial court that made a mistake in granting more than 10 days' leave to amend and a prosecutor who failed to call that mistake to the court's attention. We do not know whether in remaining silent defense counsel also was unaware of the 10-day limitation or if counsel made a calculated decision to stand mute with an eye toward a later motion to dismiss for failure to amend timely. In any event, we must focus on "`the nature and character of the act to be done, and . . . the consequences which would follow the doing or failing to do the particular act at the required time.'" (Morris v. County of Marin, supra, 18 Cal.3d at p. 910, 136 Cal.Rptr. 251, 559 P.2d 606.)
As stated in Wilson, "in considering the legal consequences of a [failure to amend the complaint timely] it should be kept in mind that we are dealing not with a favored right such as the right `to appear and defend, in person and with counsel' (Cal. Const., art. I, § 13; [citation]) but with a privilege personal to the defendant which will be deemed to be waived if not asserted by him in timely fashion." (People v. Wilson, supra, 60 Cal.2d at p. 148, 32 Cal.Rptr. 44, 383 P.2d 452.) As Wilson and Williams concluded that time for trial had been waived by the failure to object, and because we see no meaningful basis to distinguish between the ability to waive time for trial and the ability to waive time for filing an amended complaint, we determine that defendant here waived time for the filing of an amended complaint by failing to object. Osman's reliance on the presence of waiver language in section 1382, subdivision (a)(2)(B) and (3)(B), and section 2972, subdivision (a), and its absence in section 1008 is of no avail. We cannot glean from the statutory differences an intent of the Legislature to prohibit a waiver of time under section 1008 and to exalt its 10-day time limitation into a "favored right" on a par with the constitutional right to counsel.

DISPOSITION
The petition for a writ of mandate filed by Randa Osman on March 15, 2005, is denied, and the temporary stay issued by this court on March 23, 2005, is dissolved.
We concur: SPENCER, P.J., and ROTHSCHILD, J.
NOTES
[1] "[T]he terms `waiver' and `forfeiture' long have been used interchangeably. As the United States Supreme Court has explained, however, `[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' (United States v. Olano (1993) 507 U.S. 725, 733 [113 S.Ct. 1770, 1777, 123 L.Ed.2d 508].)" (People v. Simon (2001) 25 Cal.4th 1082, 1097, fn. 9, 108 Cal.Rptr.2d 385, 25 P.3d 598.)
[2] Section 1007 provides: "Upon considering the demurrer, the court must make an order either overruling or sustaining it. If the demurrer to an indictment or information is overruled, the court must permit the defendant, at the defendant's election, to plead, which the defendant must do forthwith, unless the court extends the time. If the demurrer is sustained, the court must, if the defect can be remedied by amendment, permit the indictment or information to be amended, either forthwith or within such time, not exceeding 10 days, as it may fix, or, if the defect or insufficiency therein cannot be remedied by amendment, the court may direct the filing of a new information or the submission of the case to the same or another grand jury. If the demurrer to a complaint is sustained, the court must, if the defect can be remedied, permit the filing of an amended complaint within such time not exceeding 10 days as it may fix. The orders made under this section shall be entered in the docket or minutes of the court." (Italics added.)
[3] Section 1008 provides: "If the demurrer is sustained, and no amendment of the accusatory pleading is permitted, or, in case an amendment is permitted, no amendment is made or amended pleading is filed within the time fixed therefor, the action shall be dismissed, and, except as provided in Section 1010, the court must order, if the defendant is in custody, that he be discharged or if he has been admitted to bail, that his bail be exonerated, or, if money or other property has been deposited instead of bail for his appearance, that such money or other property be refunded to him or to the person or persons found by the court to have deposited such money or other property on his behalf." (Italics added.)
[4] As pertinent there, section 1382, subdivision (a), provides that "[t]he court, unless good cause to the contrary is shown, shall order the action to be dismissed [when certain time limits for bringing a matter to trial have not been met.]" (Italics added.)