Filed 11/13/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CITY OF MARINA et al.,<br><br>    Plaintiffs, Cross-defendants, Cross-complainants and Appellants,<br><br>    v.<br><br>COUNTY OF MONTEREY et al.,<br><br>    Defendants, Cross-complainants, Cross-defendants and Respondents;<br><br>SALINAS VALLEY BASIN GROUNDWATER SUSTAINABILITY AGENCY et al.,<br><br>    Real Parties in Interest and Respondents;<br><br>CALIFORNIA-AMERICAN WATER COMPANY,<br><br>    Intervenor and Real Party in Interest. | H049575<br>(Monterey County<br> Super. Ct. No. 19CV005270) |

## I. INTRODUCTION

This appeal arises from a dispute regarding which local groundwater sustainability agency is authorized to manage the groundwater in a portion of the 180/400 Foot Aquifer Subbasin of the Salinas Valley Groundwater Basin known as the CEMEX area under the Sustainable Groundwater Management Act (SGMA; Wat. Code, § 10720 et seq.).[1]

---

[1] All further statutory references are to the Water Code unless otherwise indicated.

In the proceedings below, appellants City of Marina, Marina Groundwater Sustainability Agency, and Marina City Council (collectively, City) filed a petition for a writ of mandate and complaint for declaratory relief, and also a cross-petition and cross-complaint, which all challenged the groundwater sustainability plan of respondent Salinas Valley Basin Groundwater Sustainability Agency (SVB Groundwater Sustainability Agency) as adopted by respondent County of Monterey (County) and posted by respondent Department of Water Resources (Department) as the operative groundwater sustainability plan for most of the 180/400 Foot Aquifer Subbasin, including the CEMEX area.

County filed a cross-petition for writ of mandate and cross-complaint for declaratory relief requesting, among other things, a declaration that the formation of City's groundwater sustainability agency was void.  The trial court denied County's request but granted County's cross-petition and cross-complaint in part.

We conclude, pursuant to the provisions of SGMA, section 10720 et seq., that the trial court did not err in denying City's petition for a writ of mandate and complaint for declaratory relief and cross-petition and granting County's cross-petition and cross-complaint for declaratory relief in part.  We will therefore affirm the judgment.

## II.  OVERVIEW OF SUSTAINABLE GROUNDWATER MANAGEMENT ACT

SGMA (section 10720 et seq.) was enacted in 2014 and became effective on January 1, 2015.  (Stats. 2014, ch. 346, § 2; *Center for Biological Diversity v. County of San Bernardino* (2016) 247 Cal.App.4th 326, 335, fn. 3.)  In enacting SGMA, the Legislature intended to implement the following policy, as stated in section 113:  "It is the policy of the state that groundwater resources be managed sustainably for long-term reliability and multiple economic, social, and environmental benefits for current and future beneficial uses.  Sustainable groundwater management is best achieved locally through the development, implementation, and updating of plans and programs based on the best available science."

The Legislature also expressed its intent in enacting SGMA in section 10720.1, which states in part that SGMA was enacted for the following purposes: "To provide for the sustainable management of groundwater basins. [¶] To enhance local management of groundwater consistent with rights to use or store groundwater and Section 2 of Article X of the California Constitution.[2] It is the intent of the Legislature to preserve the security of water rights in the state to the greatest extent possible consistent with the sustainable management of groundwater. [¶] . . . [¶] To manage groundwater basins through the actions of local governmental agencies to the greatest extent feasible, while minimizing state intervention to only when necessary to ensure that local agencies manage groundwater in a sustainable manner. [¶] To provide a more efficient and cost-effective groundwater adjudication process that protects water rights, ensures due process, prevents unnecessary delay, and furthers the objectives of this part." (§ 10720.1, subds. (a), (b), (h) & (i).)

SGMA provides the procedure for local governmental agencies to become the managers of groundwater basins as groundwater sustainability agencies. Under SGMA, local agencies overlying a groundwater basin may combine to form a groundwater sustainability agency by using a joint powers agreement or a legal agreement such as a memorandum of agreement. (§§ 10723, 10723.6, subd. (a).)

Once a local agency or combination of agencies decides to become or form a groundwater sustainability agency and undertake groundwater management, the Department must be notified of the decision within 30 days. (§ 10723.8, subd. (a).) The Department must then post a completed notice on its website within 15 days. (§ 10723.8,

---

[2] "It is hereby declared that because of the conditions prevailing in this State the general welfare requires that the water resources of the State be put to beneficial use to the fullest extent of which they are capable, and that the waste or unreasonable use or unreasonable method of use of water be prevented, and that the conservation of such waters is to be exercised with a view to the reasonable and beneficial use thereof in the interest of the people and for the public welfare." (Cal. Const., art. X, § 2.)

subd. (b).) Section 10723.8 also provides a time frame for the decision to form a groundwater sustainability agency to become effective, as follows: "The decision to become a groundwater sustainability agency shall take effect 90 days after the department posts notice under subdivision (b) if no other local agency submits a notification under subdivision (a) of its intent to undertake groundwater management in all or a portion of the same area. If another notification is filed within the 90-day period, the decision shall not take effect unless the other notification is withdrawn or modified to eliminate any overlap in the areas proposed to be managed. The local agencies shall seek to reach agreement to allow prompt designation of a groundwater sustainability agency." (§ 10723.8, subd. (c).)

SGMA does not include a time limit for the local agencies to reach an agreement regarding an overlap in the areas proposed to be managed. If an area remains unmanaged, section 10724, subdivision (a) provides: "[i]n the event that there is an area within a high- or medium-priority basin that is not within the management area of a groundwater sustainability agency, the county within which that unmanaged area lies will be presumed to be the groundwater sustainability agency for that area."

With exceptions not relevant here, "after the decision to be a groundwater sustainability agency takes effect, the groundwater sustainability agency shall be presumed to be the exclusive groundwater sustainability agency within the area of the basin within the service area of the local agency that the local agency is managing as described in the notice." (§ 10723.8, subd. (d).)

The Salinas Valley Groundwater Basin, which includes the 180/400 Foot Aquifer Subbasin, has been designated as a high priority groundwater basin that is in a state of critical overdraft. Groundwater sustainability agencies are obligated to develop and implement a groundwater sustainability plan for a high priority groundwater basin. (§§ 10727, subd. (a), 10728.4; see *King & Gardiner Farms, LLC v. County of Kern* (2020) 45 Cal.App.5th 814, 839, fn. 9.) SGMA provided a deadline of January 31, 2020,

4

for a high priority groundwater basin subject to critical overdraft to be managed under a groundwater sustainability plan. (§ 10720.7, subd (a)(1).)

SGMA also provides for state oversight of local groundwater sustainability agencies' development and implementation of groundwater sustainability plans. (§§ 10733 et seq., 10735 et seq.) For example, a high or medium priority groundwater basin may be designated a probationary basin by the state Water Resources Control Board where no local agency has decided to form a groundwater sustainability agency and develop a groundwater sustainability plan for the entire basin. (§ 10735.2, subd. (a).)

### III. DEPARTMENT OF WATER RESOURCES'S ACTIONS

In February 2017, Marina Coast Water District elected to become the groundwater sustainability agency for portions of the 180/400 Foot Aquifer Subbasin that included the City of Marina and the former Fort Ord area, where Marina Coast Water District provides water service. The Department posted Marina Coast Water District's notice of its intention to form a groundwater sustainability agency on its website on February 24, 2017.

On April 27, 2017, the Department posted the SVB Groundwater Sustainability Agency's notice of its decision to become the groundwater sustainability agency for the 180/400 Foot Aquifer Subbasin, including the Fort Ord area and the CEMEX area. The Department determined that an overlap for the Fort Ord area resulted, since both Marina Coast Water District and the SVB Groundwater Sustainability Agency had included the Ford Ord area in their jurisdiction.

A year later, in April 2018, City adopted a resolution forming a groundwater sustainability agency for a small area of the 180/400 Foot Aquifer Subbasin known as the CEMEX area, which is within the City and outside the Marina Coast Water District service area. The Department posted City's notice of intention to form a groundwater sustainability agency on its website on April 26, 2018. The Department then determined

5

that an overlap existed in the CEMEX area since both the City and the SVB Groundwater Sustainability Agency had included the CEMEX area in their jurisdiction.

In October 2019, the overlap in the Ford Ord area between Marina Coast Water District and the SVB Groundwater Sustainability Agency was resolved with Marina Coast Water District becoming the groundwater sustainability agency for the Fort Ord area. The record does not indicate that any party challenged Marina Coast Water District's claimed jurisdiction over the Fort Ord area until County raised the issue in the present litigation.

However, the Department determined that an overlap remained in the CEMEX area between City and the SVB Groundwater Sustainability Agency, and therefore the CEMEX area remained unmanaged by any groundwater sustainability agency. The Department also determined that due to the CEMEX overlap most of the Salinas Valley Groundwater Basin, including the CEMEX area, was not within the management area of any groundwater sustainability agency.

In December 2019, the County's Board of Supervisors adopted a resolution approving the formation of a groundwater sustainability agency for the CEMEX area pursuant to section 10724, subdivision (a), which provides: "[i]n the event that there is an area within a high- or medium-priority basin that is not within the management area of a groundwater sustainability agency, the county within which that unmanaged area lies will be presumed to be the groundwater sustainability agency for that area." Thereafter, the Department posted the County's notice of formation of a groundwater sustainability agency for the CEMEX area on its website, and identified the County's groundwater sustainability agency as the exclusive groundwater sustainability agency for the CEMEX area.

On January 9, 2020, the SVB Groundwater Sustainability Agency adopted a resolution approving a groundwater sustainability plan for the 180/400 Foot Aquifer Subbasin, excluding the CEMEX area. The County and the SVB Groundwater

6

Sustainability Agency then entered into a coordination agreement, whereby the SVB Groundwater Sustainability Agency would adopt the groundwater sustainability plan for the CEMEX area on behalf of the County and implement the groundwater sustainability plan for the entirety of the 180/400 Foot Aquifer Subbasin, excepting the Fort Ord area.

On January 30, 2020, the SVB Sustainability Agency adopted the groundwater sustainability plan for the CEMEX area. The Department then posted the SVB Groundwater Sustainability Agency's groundwater sustainability plan for the 180/400 Foot Aquifer Subbasin on its website on January 31, 2020. The County's Board of Supervisors adopted a resolution approving the SVB Groundwater Sustainability Agency's groundwater sustainability plan for the CEMEX area on June 23, 2020. The end result was that the SVB Groundwater Sustainability Agency's proposed groundwater sustainability plan covered the entire 180/400 Foot Aquifer Subbasin, with the exception of the Ford Ord area.

## IV. PROCEDURAL BACKGROUND

### A. *Trial Court Proceedings*

#### 1. City's Writ Petition

City filed a verified first amended petition for writ of mandate and complaint for declaratory and injunctive relief (hereafter, writ petition or petition) naming the County, County's Board of Supervisors, County's Groundwater Sustainability Agency (collectively, County) and the Department as respondents and SVB Groundwater Sustainability Agency and its Board of Directors as real parties in interest.

City sought a writ of mandate (1) directing County to refrain from taking any actions to manage the CEMEX area under SGMA;[3] (2) directing the Department to remove the County and the SVB Groundwater Sustainability Agency as the exclusive groundwater sustainability agencies for the CEMEX area and to reject their groundwater

_____

[3] We understand City's references to the "Marina area" in its pleadings to refer to the CEMEX area at issue in this appeal.

sustainability plans for the CEMEX area; and (3) directing the County and SVB Groundwater Sustainability Agency to refrain from interfering with City's exercise of its right and jurisdiction with respect to the CEMEX area.

City also sought declaratory relief, including declarations that (1) "[s]ection 10724 does not authorize a county to file a [groundwater sustainability agency] notice for areas covered by multiple [groundwater sustainability agency] notices"; (2) "where a County is 'creating or contributing' to an overlap between [groundwater sustainability agencies], it is disqualified from acting as a county entitled to utilize Section 10724"; (3) "in an area that already has multiple overlapping [groundwater sustainability agencies], a County cannot use Section 10724 to become the sole [groundwater sustainability agency];" and (4) "[the Department] is not authorized to waive the explicit requirement in . . . [s]ection 10723.8(c) that a [groundwater sustainability agency] formation notice 'shall take effect 90 days after the department posts notice . . . .'"

### 2.  County's Cross-Petition and Cross-Complaint

County filed a cross-petition for writ of mandate and a cross-complaint for declaratory relief (hereafter, writ petition or petition) naming City as cross-defendants and SVB Groundwater Sustainability Agency as real party in interest.  In the writ petition, County sought a writ of mandate directing the Department to remove the City's notice of formation of a groundwater sustainability agency for the CEMEX area from its website and to recognize the SVB Groundwater Sustainability Agency as the exclusive groundwater sustainability agency for the CEMEX area.  County also sought a writ of mandate "invalidating the City's formation of the City [Groundwater Sustainability Agency]."

As to declaratory relief, County sought declarations that (1) County is the exclusive groundwater sustainability agency for the CEMEX area; or (2) alternatively, County became the exclusive groundwater sustainability agency for the CEMEX area pursuant to section 10724.

### 3. City's Cross-Petition and Cross-Complaint

In its cross-petition, City sought writs of mandate that (1) invalidate the County's adoption of a proposed groundwater sustainability plan for the CEMEX area and prohibit the County from managing the groundwater in the CEMEX area; and (2) direct the Department to reject the SVB Sustainable Groundwater Agency's groundwater sustainability plan for the CEMEX area and remove it from the Department's website.

The declaratory relief sought by City in its cross-complaint included declarations that (1) SVB Groundwater Agency lacked authority to adopt and implement a groundwater sustainability plan for the CEMEX area; and (2) the City groundwater sustainability agency has exclusive jurisdiction to manage groundwater in the CEMEX area.

### 4. California-American's Application for Leave to Intervene

The application of California-American Water Company (California-American) for leave to intervene as real party in interest pursuant to Code of Civil Procedure section 387, subdivision (d)(2) was granted by the trial court.

### B. *Decision and Judgment*

Following a court trial, the trial court issued an August 24, 2021 decision that denied City's writ petition and cross-petition and granted County's writ petition in part.

The trial court ruled that City's writ petition and cross-petition were denied on two alternative grounds. First, the trial court found that, assuming City's April 2018 notice of its intention to form a groundwater sustainability agency for the CEMEX area was timely, the notice caused an overlap in the CEMEX area due to the Department's prior April 2017 posting of SVB Groundwater Sustainability Agency's notice of its intention to form a groundwater sustainability agency for the 180/400 Foot Aquifer Subbasin, including the CEMEX area. The trial court then ruled that the Department properly determined under SGMA that, due to the overlap, the CEMEX area groundwater was unmanaged and the County was therefore the presumptive groundwater sustainability

agency with exclusive management of the CEMEX area pursuant to section 10724. The court rejected City's contentions that the County had failed to comply with SGMA's notice and hearing requirements.

Alternatively, the trial court determined that City's April 2018 notice of formation of a groundwater sustainability agency for the CEMEX area was untimely under section 10723.8 because the notice was submitted to the Department more than 90 days after SVB Groundwater Sustainability Agency submitted notice of its intention to become the groundwater sustainability agency for the 180/400 Foot Aquifer Subbasin. The trial court ruled that since City's notice was untimely, SVB Groundwater Sustainability Agency was the only valid claimant to the 180/400 Foot Aquifer Subbasin, including the CEMEX area, due to the absence of a valid competing claim to the CEMEX area and the resolution of the overlap in the Fort Ord area. Further, the trial court ruled that after SVB Groundwater Sustainability Agency modified its boundaries to exclude the CEMEX area, the County properly adopted the SVB Groundwater Sustainability Agency's groundwater sustainability plan for the CEMEX area through their coordination agreement, and the Department properly posted the plan on January 31, 2020.

The trial court concluded that "[t]he [SVB Groundwater Sustainability Agency's] [groundwater sustainability plan] adopted by the County is the operative [groundwater sustainability plan] for all of the 180/400 Foot Aquifer Subbasin . . . other than the Fort Ord area" and was properly posted by the Department. However, the trial court rejected County's contention that the formation of City's groundwater management agency was void.

On September 27, 2021, the trial court entered judgment in accordance with the decision, denying City's writ petition and cross-petition and granting County's cross-petition in part.

10

## V. DISCUSSION

On appeal from the judgment, City argues that the trial court erred in denying City's writ petition and cross-petition because (1) City's posting of a notice of formation of City's groundwater sustainability agency for the CEMEX area was timely, since the 90-day period provided by section 10728.3, subdivision (c) applies only to determine if an agency will become the exclusive groundwater sustainability agency for an area if no other notice is submitted; (2) section 10724 did not authorize the County to become a groundwater sustainability agency for the CEMEX area due to the overlap between the City and SVB Groundwater Sustainability Agency; (3) City's groundwater sustainability agency became the exclusive groundwater sustainability agency for the CEMEX area when SVB Groundwater Sustainability Agency excluded the CEMEX area from its claimed jurisdiction; (4) County failed to submit a valid groundwater sustainability plan by SGMA's January 31, 2020 deadline; (5) the Department should have rejected the groundwater sustainability plan that SVB Groundwater Sustainability Agency submitted because the invalid plan improperly included the CEMEX area; and (6) the Department lacked authority to post SVB Groundwater Sustainability Agency's groundwater sustainability plan.

We will begin our review of City's contentions with the applicable standard of review.

### A. *Standard of Review*

The California Supreme Court has instructed that " '[u]nless otherwise provided by law, "the petitioner always bears the burden of proof in a mandate proceeding brought under Code of Civil Procedure section 1085." [Citation.] Thus, it is petitioner's burden to establish that [the agency's] decision was arbitrary, capricious, entirely lacking in evidentiary support, unlawful, or procedurally unfair.' [Citation.]" (*American Coatings Assn. v. South Coast Air Quality Management Dist.* (2012) 54 Cal.4th 446, 460 (*American Coatings*).)

11

Additionally, "[i]n reviewing the trial court's denial of a writ of mandate pursuant to Code of Civil Procedure section 1085, '[w]here the facts are undisputed and the issue is one of statutory interpretation, we review the trial court's ruling de novo.' [Citations.]" (*California Manufacturers & Technology Assn. v. Office of Environmental Health Hazard Assessment* (2023) 89 Cal.App.5th 756, 769; *Hamilton & High, LLC v. City of Palo Alto* (2023) 89 Cal.App.5th 528, 547 [same].)

When an agency is not exercising a discretionary rulemaking power but merely construing a controlling statute, " '[t]he appropriate mode of review . . . is one in which the judiciary, although taking ultimate responsibility for the construction of the statute, accords great weight and respect to the administrative construction. [Citation.]' [Citations.]" (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12.) The amount of weight given to an agency's statutory construction is " 'situational,' and greater weight may be appropriate when an agency has a ' "comparative interpretive advantage over the courts," ' as when ' "the legal text to be interpreted is technical, obscure, complex, open-ended, or entwined with issues of fact, policy, and discretion." ' " (*American Coatings, supra,* 54 Cal.4th at p. 461.)

In performing our review, we apply the well-established rules of statutory interpretation. "[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 (*Smith*).)

"In other words, ' "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citation.] If the statutory

terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences. [Citation.]" (*Smith*, *supra*, 39 Cal.4th at p. 83.)

### B. *Analysis*

#### 1. Timeliness

We begin our analysis by determining that it is not necessary to resolve the issue of whether City's April 2018 posting of a notice of formation of City's groundwater sustainability agency for the CEMEX area was timely under section 10723.8, subdivision (c). Even assuming that City's notice was timely, for reasons that we will explain we conclude that the Department did not err in finding, pursuant to section 10724, that the County was the presumptive groundwater sustainability agency for the CEMEX area.

#### 2. Section 10724

City contends that section 10724 did not authorize the County to become the presumptive groundwater sustainability agency for the CEMEX area due to the overlap between City and SVB Groundwater Sustainability Agency's notices because County was a member of SVB Groundwater Sustainability Agency and therefore could not form a new groundwater sustainability agency. Alternatively, City argues that properly interpreted, section 10724 applies only where no local agency has noticed intention to form a groundwater sustainability agency for an area and a county has the option to step in as the presumptive groundwater sustainability agency.

The County and the Department respond that County properly invoked its authority under section 10724 to form the presumptive groundwater sustainability for the

CEMEX area because the overlap caused the CEMEX area to be unmanaged. Applying the rules of statutory construction, we agree.

Section 10724, subdivision (a) provides: "[i]n the event that there is an area within a high- or medium-priority basin that is not within the management area of a groundwater sustainability agency, the county within which that unmanaged area lies will be presumed to be the groundwater sustainability agency for that area." Notably, section 10724 does not require a county already presumed to be a groundwater sustainability agency pursuant to section 10724 to submit a notice of its intent to become a groundwater sustainability agency to the Department for a 90-day posting period.

We construe section 10724, subdivision (a) in the context of the SGMA statutory scheme. (See *Smith*, *supra*, 39 Cal.4th at p. 83.) In particular, section 10723.8 provides context for construing section 10724. Section 10723.8, subdivision (c) provides that "[t]he decision to become a groundwater sustainability agency shall take effect 90 days after the department posts notice under subdivision (b) if no other local agency submits a notification under subdivision (a) of its intent to undertake groundwater management in all or a portion of the same area. If another notification is filed within the 90-day period, the decision shall not take effect unless the other notification is withdrawn or modified to eliminate any overlap in the areas proposed to be managed. The local agencies shall seek to reach agreement to allow prompt designation of a groundwater sustainability agency."

Section 10723.8 subdivision (d) provides in part that "after the decision to be a groundwater sustainability agency takes effect, the groundwater sustainability agency shall be presumed to be the exclusive groundwater sustainability agency within the area of the basin within the service area of the local agency that the local agency is managing as described in the notice."

The Department construes these statutes together to mean that an area of a groundwater basin is unmanaged where two agencies have submitted notification of intent to form a groundwater sustainability agency for the same area, and due to the

14

overlap neither agency can become the effective groundwater sustainability agency for that area. Where the two agencies (here, City and SVB Groundwater Sustainability Agency) have not voluntarily reached an agreement "to allow prompt designation of a groundwater sustainability agency" under section 10723.8, subdivision (c), the Department asserts that "[s]ection 10724 simply fills that gap, and allows a county . . . to become the [groundwater sustainability agency] to avoid state intervention and the potential designation of probationary status [under section 10735.2, subdivision (a)]."

We agree with the Department's construction of section 10724, subdivision (a) because it is apparent that where an overlap exists, neither groundwater sustainability agency has become the effective agency authorized to submit a groundwater management plan, and therefore the disputed area is unmanaged for purposes of SGMA. (See, e.g. § 10723.8, subd. (d).) Further, the Department's interpretation is consistent with the Legislature's stated intent in enacting SGMA, as stated in section 10720, "[t]o enhance local management of groundwater consistent with rights to use or store groundwater" and "[t]o manage groundwater basins through the actions of local governmental agencies to the greatest extent feasible, while minimizing state intervention to only when necessary to ensure that local agencies manage groundwater in a sustainable manner." (§10720.1, subds. (b) & (h).)

Accordingly, we agree with the Department that under section 10724 the County could step in as the presumptive groundwater management agency for the CEMEX area when City and SVB Groundwater Sustainability Agency failed to reach an agreement to allow prompt designation of a groundwater sustainability agency, pursuant to section 10723.8, subdivision (c). Therefore, the Department properly posted the County's notice of formation of a groundwater sustainability agency for the CEMEX area on its website, and properly identified the County's groundwater sustainability agency as the exclusive groundwater sustainability agency for the CEMEX area.

15

### 3. Joint Powers Authority

We are not persuaded by City's argument that County's notice of its intent to form a groundwater sustainability agency for the CEMEX area was not authorized under SGMA because the County is a member of SVB Groundwater Sustainability Agency, a joint powers authority, which had already noticed its intention to form a groundwater sustainability agency for the 180/400 Foot Aquifer Subbasin including the CEMEX area. A joint powers authority is separate and independent from its members. (Gov. Code, § 6507; *Robings v. Santa Monica Mountains Conservancy* (2010) 188 Cal.App.4th 952, 961.)

### 4. Dispute Resolution Procedure

City's reliance on sections 10735.2 and 10735.6 as providing a dispute resolution procedure that would be ineffective if section 10724 is construed to allow County to step in as a presumptive groundwater sustainability agency is misplaced. Sections 10735.2 and 10735.6 concern the Water Resources Control Board's authority to designate a groundwater basin as probationary and remedy deficiencies in certain circumstances not applicable here, such as the lack of a groundwater sustainability agency that intends to develop a groundwater sustainability plan for an entire basin.[4]

### 5. County's Exclusion of CEMEX Area

Also unpersuasive is City's argument that its groundwater sustainability agency became the exclusive groundwater sustainability agency for the CEMEX area when

---

[4] Section 10735.2, subdivision (a)(4)(A) provides in part: "The [Water Resources Control Board], after notice and a public hearing, may designate a high- or medium-priority basin as a probationary basin, if the board finds one or more of the following applies to the basin: [¶] . . .[¶] [A]fter January 31, 2020, none of the following have occurred: [¶] A groundwater sustainability agency has adopted a groundwater sustainability plan for the entire basin." Section 10735.6, subdivision (b) provides in part: "The [Water Resources Control Board] may develop an interim plan pursuant to Section 10735.8 for the probationary basin one year after the designation of the basin . . . if the board, in consultation with the department, determines that a local agency has not remedied the deficiency that resulted in designating the basin a probationary basin."

16

SVB Groundwater Sustainability Agency excluded the CEMEX area from its claimed jurisdiction. SVB Groundwater Sustainability Agency responds that it never relinquished its claim to the CEMEX area but merely adjusted its boundaries at the request of the Department for administrative reasons after the Department confirmed the County as the exclusive groundwater sustainability agency for the CEMEX area.

We observe that the record reflects that the County and the SVB Groundwater Sustainability Agency entered into a coordination agreement, whereby the SVB Groundwater Sustainability Agency would adopt the groundwater sustainability plan for the CEMEX area on behalf of the County and implement the groundwater sustainability plan for the entirety of the 180/400 Foot Aquifer Subbasin (excluding the Fort Ord area). City provides no authority for the proposition that the coordination agreement was not authorized under SGMA. To the contrary, SGMA reflects the Legislature's intent that local government agencies cooperate to promptly manage groundwater basins and minimize state intervention. (§10720.1, subds. (b), (h).)[5]

Consequently, we also find no merit in City's contention that the Department should have rejected SVB Groundwater Sustainability Agency's groundwater sustainability plan because the invalid plan improperly included the CEMEX area.

### 6. January 31, 2020 Deadline

We understand City to argue that County failed to submit a valid groundwater sustainability plan for the CEMEX area by SGMA's January 31, 2020 deadline because the County's Board of Supervisors did not adopt a resolution approving the SVB Groundwater Sustainability Agency's groundwater sustainability plan for the CEMEX area until June 23, 2020. However, the January 31, 2020 deadline set forth in section 10720.7, subdivision (a)(1) for a high-priority groundwater basin to be managed under a groundwater sustainability plan does not include any express consequences for

---

[5] According to the Department, "[t]his case is one of only two lawsuits of which [the Department] is aware resulting from a dispute under SGMA among local agencies."

17

failure to meet the deadline.  The California Supreme Court has instructed that "requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. [Citations.]"  (*Edwards v. Steele* (1979) 25 Cal.3d 406, 410; see also *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1145.)

Moreover, "statutory time limits applicable to government action are usually deemed to be directory in the absence of a penalty or consequence for noncompliance." (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2016) 248 Cal.App.4th 349, 364.)  Here, section 10720.7, subdivision (a)(1) imposes no penalty on a groundwater sustainability agency that did not meet the January 31, 2020 deadline, and therefore the January 31, 2020 deadline was not mandatory.  As we have noted, the statutory consequence where no local agency decided to form a groundwater sustainability agency and develop a groundwater sustainability plan for a high or medium priority groundwater basin by January 31, 2020, is that the basin "may" be designated a probationary basin by the state Water Resources Control Board.  (§ 10735.2, subd. (a).)  The word "may" indicates that the Water Resource Control Board's decision to designate a high or medium priority basin as probationary is discretionary, since "the word ' "may" ' is ordinarily deemed permissive."  (See *Ajaxo, Inc. v. E\*Trade Financial Corp.* (2020) 48 Cal.App.5th 129, 165.)  Accordingly, we find no merit in City's challenge to the County's approval of SVB Groundwater Sustainability Agency's groundwater sustainability plan for the CEMEX area on the grounds that the approval was untimely.

### 7. Posting of SVB Groundwater Sustainability Agency's Plan

Finally, City contends that the Department lacked authority under SGMA to post SVB Groundwater Sustainability Agency's groundwater sustainability plan for the 180/400 Foot Aquifer Subbasin on its website on January 31, 2020.  According to City, when SVB Groundwater Sustainability Agency relinquished the CEMEX area, the result was that its groundwater sustainability plan was invalid and City's plan was the only

18

valid groundwater sustainability plan for the CEMEX area that the Department should have accepted and posted.

The Department rejects City's contention, pointing out that City's groundwater sustainability agency never became effective due to the overlap in the CEMEX area that resulted from both SVB Groundwater Sustainability Agency and City posting notices of their decisions to form a groundwater sustainability agency that included the CEMEX area in their jurisdiction. We agree.

As we have discussed, under section 10723.8, subdivision (c), City's decision to form a groundwater sustainability agency did not take effect due to the overlap in the CEMEX area. Since City's groundwater sustainability agency never became effective, it was not authorized under SGMA to submit a groundwater sustainability plan for the CEMEX area that the Department was required to post. (§§ 10723.8, subds. (c) & (d), § 10733.4.)

Further, we have previously determined that County properly stepped in as the presumptive ground water sustainability agency for the CEMEX area pursuant to section 10724 because the overlap caused the CEMEX area to be unmanaged. The record reflects that on January 9, 2020, the SVB Groundwater Sustainability Agency adopted a resolution approving a groundwater sustainability plan for the 180/400 Foot Aquifer Subbasin, excluding the CEMEX area. The County and the SVB Groundwater Sustainability Agency then entered into a coordination agreement, whereby the SVB Groundwater Sustainability Agency would adopt the groundwater sustainability plan for the CEMEX area on behalf of the County and implement the groundwater sustainability plan for the entirety of the 180/400 Foot Aquifer Subbasin, excluding the Fort Ord area. On January 30, 2020, the SVB Sustainability Agency adopted the groundwater sustainability plan for the CEMEX area. The Department then posted the SVB Groundwater Sustainability Agency's groundwater sustainability plan for the 180/400 Foot Aquifer Subbasin on its website on January 31, 2020. City has provided no

19

authority for the proposition that the County and SVB Groundwater Sustainability Agency were precluded from entering into a coordination agreement that would allow implementation of a groundwater sustainability plan for the entirety of the 180/400 Foot Aquifer Subbasin, excluding the Fort Ord area.

## C. *County's Cross-Appeal*

The County contends that the trial court erred in failing to grant the County's request for a declaration that City's formation of a groundwater sustainability agency for the CEMEX area was void because City's notice of formation was untimely and SVB Groundwater Sustainability Agency was the exclusive groundwater sustainability agency for the CEMEX area.

City responds that the trial court correctly declined to nullify the formation of City's groundwater sustainability agency because there is no basis for voiding the existence of the agency. The Department agrees, arguing that the trial court did not err, since City's notice of formation of a groundwater sustainability agency for the CEMEX area was properly posted by the Department but was rendered ineffective under section 10723.8, subdivision (c) due to the overlap with SVB Groundwater Sustainability Agency's notice.

We need not decide whether the trial court erred in denying County's request for a declaration that City's formation of a groundwater sustainability agency for the CEMEX area was void. We need only determine under SGMA, as we have previously discussed, that City's notice of formation of a groundwater sustainability agency for the CEMEX area was ineffective under section 10723.8, subdivision (c) due to the overlap with SVB Groundwater Sustainability Agency's notice, and the overlap resulted in the CEMEX area being unmanaged and County stepping in as the presumptive groundwater sustainability agency for the CEMEX area under section 10724.

## VI. CONCLUSION

For these reasons, we conclude, pursuant to the provisions of SGMA, section 10720 et seq., that the trial court did not err in denying City's petition for a writ of mandate and complaint for declaratory relief and cross-petition and granting County's cross-petition and cross-complaint for declaratory relief in part. We will therefore affirm the September 27, 2021 judgment.

## VII. DISPOSITION

The September 27, 2021 judgment is affirmed. The parties shall bear their own costs on appeal.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:




_____
GREENWOOD, P.J.




_____
WILSON, J.




*City of Marina et al. v. County of Monterey et al.*
**H049575**

| Trial Court: | Monterey County Superior Court |
| | Superior Court No. 19CV005270 |

| Trial Judge: | Hon. Thomas W. Wills |

| Attorneys for Plaintiffs, Cross-defendants, Cross-complainants and Appellants: City of Marina Marina Groundwater Sustainability Agency Marina City Council | Paul P. Spaulding, III Larisa A. Meisenheimer Joseph V. Mauch Susanne S. Orza Shartsis Friese LLP |

| Attorneys for Defendants, Cross-complainants, Cross-defendants and Respondents: County of Monterey County of Monterey Groundwater Sustainability Agency Monterey County Board of Supervisors | Kevin M. O'Brien Meredith E. Nikkel Samuel Bivins Downey Brand LLP Leslie J. Girard, County Counsel Kelly L. Donlon, Assistant County Counsel County of Monterey |

| Attorneys for Defendants, Cross-complainants, Cross-defendants and Respondents: California Water Resources Karla Nemeth | Ron Bonta, Attorney General of California Robert W. Byrne, Senior Assistant Attorney General Myung J. Park, Supervising Deputy Attorney General Marc N. Melnick, Deputy Attorney General Bradley Solomon, Deputy Attorney General |

| Attorneys for Real Parties in Interest and Respondents: Salinas Valley Basin Groundwater Sustainability Agency Board of Directors of the Salinas Valley Basin Groundwater Sustainability Agency | Dustin C. Cooper Andrew J. McClure Minasian, Meith, Soares, Sexton & Cooper, LLP |

Attorneys for Intervenor and Real Party in
Interest:
California-American Water Company

Duncan Joseph Moore
Winston P. Stromberg
Lucas I. Quass
Latham & Watkins, LLP

Robert E. Donlan
Shawnda Marie Grady
Ellison Schneider Harris & Donlan

*City of Marina et al. v. County of Monterey et al.*
**H049575**