Filed 7/21/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANDREW COTA,<br><br>    Defendant and Appellant. | H051229<br>(Santa Clara County<br>Super. Ct. No. C1487107) |


This appeal concerns sentencing enhancements under Penal Code section 667.5, subdivision (b) for serving prior prison terms—prison priors—that are now invalid. (Subsequent undesignated statutory references are to the Penal Code.)  In 2019, the Legislature sharply restricted prison priors (Stats. 2019, ch. 590, § 1), and in 2021 it made this change retroactive by enacting what is now section 1172.75 and requiring resentencing of defendants serving terms for judgments containing now-invalid prison priors.  (Stats. 2021, ch. 728, § 3.)

Appellant Michael Andrew Cota is currently serving a 24-year sentence for a judgment that contains two prison priors.  However, the trial court denied him resentencing because the punishment for those prison priors was stricken.  As a consequence, like many recent appeals, this appeal raises the question whether section 1172.75 requires resentencing where a now-invalid prison prior was imposed, but punishment was not executed.  This case also raises a second question that does not appear to have been squarely considered before: whether a trial court has jurisdiction to

resentence under section 1172.75 if the California Department of Corrections and Rehabilitation (CDCR) identified the defendant as serving a sentence containing a now-invalid "prison prior" but did not timely notify the sentencing court of that identification.

As explained below, we conclude that the trial court had jurisdiction to resentence under section 1172.75 because CDCR's notification obligation is directory rather than mandatory or jurisdictional. In addition, following *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), we conclude that Cota is entitled to resentencing even though punishment for his prison priors was struck.

We therefore reverse the judgment and remand to the trial court with directions to conduct a full resentencing.

## I. BACKGROUND

### A. The Plea Agreement and Sentence

In July 2014, a felony complaint charged Cota with four counts of sexual abuse, including one count of committing a lewd act upon a child under 14 years of age. The complaint also alleged a prior strike conviction, a prior serious felony conviction, a prior prison term for a violent felony, and, most pertinently, three prior prison terms under section 667.5, subdivision (b).

In January 2015, Cota entered into a plea agreement. In that agreement, Cota agreed to plead guilty to the charge of committing a lewd act upon a child under 14 years of age and to admit allegations concerning the prior strike conviction, the prior serious felony conviction, the prior prison term for a violent felony, and the three prison priors under section 667.5, subdivision (b). In return, the district attorney agreed that the other three offenses charged would be dismissed and that Cota's total prison term would be 24 years.

The trial court accepted Cota's plea and subsequently sentenced Cota to 24 years in prison. In so doing, court imposed two of the prison priors but struck the punishment for them.

2

## B. The CDCR List

Because the record initially did not indicate whether CDCR identified Cota as an inmate eligible for resentencing under section 1172.75, we directed the trial court to settle whether CDCR provided the Santa Clara County Superior Court (Superior Court) with a list of eligible inmates. After holding a hearing, the Superior Court issued an order settling the record. That order found that in 2022 CDCR began generating lists of inmates eligible for resentencing under section 1172.75 and that Cota's name was included on a list generated on June 16, 2022. However, the order also found that CDCR did not provide the Superior Court any eligibility lists until May 2023. As a result, the Superior Court did not obtain the eligibility list containing Cota's name until on or about May 23, 2023.[1]

## C. The August 2022 Order

On July 1, 2022, approximately two weeks after CDCR identified Cota as eligible for resentencing under section 1172.75, the Superior Court received a letter from Cota asking whether any of the enhancements imposed upon him were subject to removal under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen. Bill 483), the statute that enacted what is now section 1172.75. (Stats. 2021, ch. 728, § 3 [enacting provision]; see also Stats. 2022, ch. 58, § 12 [moving provision to section 1172.75].) In an order dated August 18, 2022, after noting that neither the judges nor the court staff may provide legal advice, the trial court denied Cota relief. The court reasoned that Cota was "not eligible for relief under Senate Bill 483 because the abstract of judgment indicates the punishment for the prison-prior enhancements was stricken."

---

[1] Cota moved to augment the record on appeal to include evidence that CDCR provided the June 16, 2022 eligibility list containing his name to the Office of the State Public Defender. We deemed this motion to be a request to take judicial notice of the June 16, 2022 eligibility list and deferred consideration of the motion. In light of the findings in the order settling the record, we deny the request as moot.

### D. The Appeal

In May 2023, the public defender filed a motion for resentencing under section 1172.75 on behalf of Cota. After learning of the trial court's August 18, 2022 order, counsel withdrew the motion.

In June 2023, represented by the Public Defender, Cota filed a notice of appeal from the trial court's August 2022 order. Cota also moved for relief from default on the ground that he did not recall receiving the order or know that he had a right to appeal it. This court granted the motion and directed Cota to file a notice of appeal within 15 days, which Cota did.

## II. DISCUSSION

Cota argues that the trial court erred in denying him relief under section 1172.75 on the ground that punishment for his prison priors was struck. The Attorney General responds that the trial court lacked jurisdiction because CDCR did not notify the Superior Court of Cota's eligibility for resentencing. In the alternative, the Attorney General argues that section 1172.75 does not require resentencing where prison priors were imposed but not executed. Below we consider each of these issues. However, before doing so, we briefly discuss prison priors.

### A. Prison Priors

The Legislature enacted section 667.5, subdivision (b) in 1976. (Stats. 1976, ch. 1139, § 268 [former § 667.5, subd. (b)].) As originally enacted, this section provided a one-year enhancement to sentences for non-violent felonies for each prison term previously served "for any felony." (Former § 665.7, subd. (b), Stats. 1976, ch. 1139, § 268, p. 5138.) In 2019, the Legislature sharply restricted the prison prior enhancement by limiting it to prior prison terms for "a sexually violent offenses as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Stats. 2019, ch. 590, § 1.)

4

In Sen. Bill 483, the Legislature made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12.) Under subdivision (a) of section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Welfare and Institutions Code[,] is legally invalid."

In addition to rendering invalid most previously imposed prison priors, section 1172.75 provides for recall of sentences including now-invalid prison priors and for full resentencing. In particular, the section requires CDCR and other correctional officials to identify inmates eligible for resentencing and then to notify the sentencing court about these inmates: "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [1] shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and [2] shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving notification from correctional officials, sentencing courts are required to review the relevant judgment and to verify that it includes a now-invalid prison prior. (§ 1172.75, subd. (c).) If the sentencing court verifies that the judgment includes a now-invalid prison prior, it "shall recall the sentence and resentence the defendant." (*Ibid*.)

In resentencing, the sentencing court "may consider postconviction factors" (§ 1172.75, subd. (d)(3)) and "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)). In addition, unless a lesser sentence would endanger public safety, resentencing under section 1172.75 must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (§ 1172.75, subd. (d)(1).)

The resentencing process is supposed to proceed quickly. Section 1172.75 requires correctional officials to provide sentencing courts notification concerning individuals eligible for resentencing who have served their base terms and other enhancements and are serving sentences based solely on prison priors by March 1, 2022. (§ 1172.75, subd. (b)(1).) Notification concerning other eligible individuals is due by July 1, 2022. (§ 1172.75, subd. (b)(2).) In addition, sentencing courts are supposed to complete review and resentencing of eligible individuals by October 1, 2022 for the first group and by December 31, 2023 for the second group. (§ 1172.75, subd. (c)(1)-(2).)

## B. Jurisdiction

As a general rule, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.4th 629, 634 (*King*).) However, the Legislature has created a number of statutory exceptions to this general rule permitting resentencing after a sentence has begun, including section 1172.75. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332-333; see also *King*, at p. 637 [listing other exceptions].) The Attorney General argues that section 1172.75's exception is inapplicable, and the trial court lacked jurisdiction to resentence Cota when it denied him relief in August 2022, because CDCR failed to satisfy its obligation under section 1172.75 to provide the sentencing court notification of Cota's eligibility. We disagree.

CDCR did fail to satisfy its notification obligation under section 1172.75. Although CDCR included Cota in its June 2022 list of inmates eligible for resentencing, it did not send that list to the Superior Court until May 2023, well after the July 1, 2022 deadline for such notification. (See § 1172.75, subd. (b)(2).) However, it is well-settled that not all government obligations are jurisdictional; instead, such obligations may be "directory" or "mandatory" without being "jurisdictional" in the fundamental or subject matter jurisdictional sense asserted by the Attorney General. (See, e.g., *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339-342 (*Kabran*).) As explained below, we

conclude that CDCR's notification obligation is directory rather than mandatory or jurisdictional.

### 1. Relevant Legal Principles

As noted above, statutory obligations may be directory, mandatory, or jurisdictional. A statutory obligation is directory if failure to comply with the obligation " 'does not invalidate the action ultimately taken.' " (*Kabran*, *supra*, 2 Cal.5th at p. 340; see also *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 924 (*Gonzalez*) ["In California, it is not uncommon for obligatory statutory provisions to be accorded only directory effect."]; *People v. Gray* (2014) 58 Cal.4th 901, 909-910 [considering mandatory/directory distinction in criminal context].) A statutory obligation is mandatory if " 'noncompliance does invalidate subsequent action.' " (*Kabran*, *supra*, 2 Cal.5th at p. 340.) Finally, not all mandatory obligations are jurisdictional, and therefore "a party's failure to comply with a mandatory requirement 'does not necessarily mean a court loses *fundamental* jurisdiction resulting in "an entire absence of power to hear or determine the case . . . ." ' " (*Id.* at p. 341.)

Indeed, " '[m]ost procedural steps including those regarded as "mandatory" are not jurisdictional.' " (*San Diegans for Open Government v. City of San Diego* (2015) 242 Cal.App.4th 416, 431.) As a consequence, most failures to comply with procedural requirements " 'are not fatal to the fundamental subject matter jurisdiction of the court [citation] or to its jurisdiction to act.' " (*Ibid.*)

"Courts determine whether an obligatory statutory requirement should be given mandatory or directory effect by ascertaining the legislative intent." (*Gonzalez*, *supra*, 43 Cal.4th at p. 924.) The Supreme Court has used multiple tests to determine whether a statutory obligation was intended to be mandatory or directory. Under one test, courts examine whether the statute at issue imposes any consequence or penalty for failure to comply with an obligation. (See, e.g., *Edwards v. Steele* (1979) 25 Cal.3d 406, 410 (*Edwards*); *Garrison v. Rourke* (1948) 32 Cal.2d 430, 435-436.) Indeed, according to

7

several cases, deadlines and timing requirements are "merely directory 'unless a consequence or penalty is provided for failure to do the act within the time commanded.' " (*Edwards*, at p. 410.)  Under another test, courts examine whether holding a requirement mandatory or jurisdictional "would defeat or promote the purpose of the enactment." (*Ibid.*; see also *Pulcifer v. County of Alameda* (1946) 29 Cal.2d 258, 262 ["When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose . . . ."].)  Indeed, the Supreme Court has observed that " '[i]f the procedure is essential to promote the statutory design, it is "mandatory" and noncompliance has an invalidating effect.  If not, it is directory.' " (*Gonzalez*, *supra*, 43 Cal.4th at p. 924.)

### 2. *Application*

We conclude that CDCR's notification obligation under section 1172.75 is directory rather than mandatory or jurisdictional and therefore CDCR's failure to notify the trial court of Cota's eligibility before the August 2022 letter did not deprive the trial court of jurisdiction to resentence Cota under section 1172.75.

First, section 1172.75 does not impose any penalty or consequence upon CDCR for not timely satisfying its notification obligations.  As noted above, section 1172.75 requires correctional officials to identify inmates eligible for resentencing under the section and notify the sentencing court of these eligible inmates no later than July 1, 2022.  (§ 1172.75, subd. (b)(1)-(2).)  However, section 1172.75 does not provide for any penalty or other consequence for failure to satisfy this notification requirement.  As the Supreme Court has observed, according to many cases, "a time limitation is deemed merely directory 'unless a consequence or penalty is provided for failure to do the act within the time commanded.' " (*Edwards*, *supra*, 25 Cal.3d at p. 410; see also *Woods v. Department of Motor Vehicles* (1989) 211 Cal.App.3d 1263, 1271 ["the statute imposes no penalty on the Department for failure to meet the statute's time requirements, lending yet further weight to the nonmandatory nature of the 30-day time period"].)

8

Consequently, the absence of any penalty or adverse consequence for failure to satisfy section 1172.75's notification requirement strongly suggests that the section's notification requirement is directory in nature.

Second, deeming section 1172.75's notification requirement jurisdictional would defeat the section's underlying objectives. In 2019, the Legislature restricted section 667.5, subdivision (b)'s enhancements for prison priors because such enhancements disproportionately impact Black and Latino communities and the increased sentences from prison priors waste public resources that should be redirected to community-based services. (Sen. Com. on Pub. Safety, Analysis of Sen. Bill No. 136 (2019-2020 Reg. Sess.), as amended Jan. 15, 2019, pp. 2-4.) In 2021, the Legislature made these changes retroactive and provided for resentencing to "ensur[e] no one is serving time based on outdated rules" and to reduce the "significant financial burdens" of enhanced sentences. (Sen. Com. on Pub. Safety, Analysis of Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended Mar. 3, 2021, p. 5; *see also People v. Velasco* (2023) 97 Cal.App.5th 663, 671, fn. omitted [noting the "clear legislative intent to promptly rectify specific, perceived inequities in the sentencing system"].)

Deeming CDCR's notification obligation jurisdictional would defeat these objectives. If CDCR's notification obligation were jurisdictional, and its failure to satisfy that obligation prevented sentencing courts from resentencing inmates with now-invalid prison priors, for those inmates, the disproportionate impact of such enhancements on the Black and Latino communities would continue, and the affected inmates would be forced to continue serving time based on outdated rules. In addition, for the affected inmates, the financial burdens of their enhanced sentences would remain and prevent redirection of public resources to community-based services. Indeed, as CDCR did not provide any notification to the Santa Clara County Superior Court until May 2023, nobody in Santa Clara County entitled to resentencing under section 1172.75 could have been resentenced, which would deprive the county of much of the benefits the section was

9

intended to provide. As the Supreme Court has admonished, statutory obligations should "not be construed as jurisdictional where to do so might well defeat the very purpose of the enactment or destroy the rights of innocent aggrieved parties." (*Edwards*, *supra*, 25 Cal.3d at p. 412.) This is especially true where, as here, the obligation in question— notifying sentencing courts of the CDCR's eligibility determination—is ministerial in nature and plays minimal, if any, role in achieving the Legislature's objectives.

In short, because section 1172.75 does not impose any penalty or adverse consequence on CDCR for failing to satisfy its notification requirement, and because making that notification requirement jurisdictional would undermine the section's objectives without providing any significant benefit, we conclude that the Legislature intended the notification requirement to be directory, rather than mandatory or jurisdictional.

This conclusion is supported by the general principle that " 'courts should liberally construe remedial statutes in favor of their protective purpose.' " (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 823.) As section 1172.75 was intended in part to reduce the disproportionate impact of sentencing enhancements on Black and Latino communities and to ensure that inmates are not serving sentences for now-invalid prison priors, the section is remedial in nature. Consequently, absent a clear indication to the contrary from the Legislature, the obligations imposed by section 1172.75 should be interpreted to be directory and to facilitate resentencing, not to be jurisdictional and to bar resentencing based on CDCR's failure to satisfy a ministerial obligation.

The conclusion that CDCR's notification requirements are directory rather than mandatory or jurisdictional is also consistent with precedent. In *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*) the defendant requested resentencing in the Santa Clara County Superior Court. (*Id.* at p. 317.) Even though the defendant improperly petitioned for relief, in *Gonzalez* this district found that the trial court had jurisdiction to resentence him because he was on a "a list prepared by CDCR dated June 16, 2022,

which identified him as eligible for resentencing under section 1172.75." (*Id*. at p. 323, fn. 12.) *Gonzalez* did not find—and, as the order settling record established, could not have found—that the list identifying the defendant was provided to the Superior Court on that date. (*Ibid*.) Thus, *Gonzalez* implicitly recognized that CDCR's notification obligation is not jurisdictional and that defendants otherwise entitled to resentencing may be resentenced without regard to whether that obligation was satisfied.

We therefore conclude that CDCR's failure to notify the Superior Court that Cota had been identified as eligible for sentencing did not deprive the trial court of subject matter jurisdiction over Cota's request for resentencing under section 1172.75.

## C. Resentencing

Having concluded that the trial court had jurisdiction to resentence Cota, we now turn to merits of the order from which Cota has appealed. In its August 2022 order, the trial court denied Cota resentencing on the ground that punishment for his prison priors was stricken. Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we disagree and follow *People v. Espino*, *supra*, 104 Cal.App.5th 188, review granted, in holding that section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment for them was struck.

As previously noted, under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also requires CDCR and county correctional administrators to identify and notify the sentencing court of any individual in their custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (b)), and if the sentencing court verifies that "the current judgment includes a sentencing enhancement

described in subdivision (a)," the court is required to recall the sentence and resentence the defendant (§ 1172.75, subd. (c)).

*Espino*, *supra*, 104 Cal.App.5th 188, review granted, concluded (albeit over a dissent) that section 1172.75 should be interpreted in accordance with the ordinary meaning of the word "impose" to apply whenever prison priors were imposed. *Espino* reasoned that, "[i]n the context of an obligation or penalty, the ordinary and usual meaning of the word 'impose' is 'to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforc[ea]ble.' [Citations.]" (*Espino*, *supra*, 104 Cal.App.5th at p. 196.) Consequently, "under section 1172.75, subdivision (a), '[a]ny sentence enhancement that was imposed' is naturally understood to mean any enhancement that the sentencing court included in a judgment whether punishment for it was executed, stayed, or struck," and therefore individuals serving sentences with such enhancements are entitled to resentencing under section 1172.75. (*Espino,* at p. 196.)

It is true that, where the word "impose" may be " 'employed as shorthand' " to refer to enhancements that were imposed and then executed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) However, numerous decisions have considered whether section 1172.75 uses the word "impose" in this fashion, and all but one have concluded that it does not. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189; *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283; but see *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49 (*Rhodius*), revd. (June 26, 2025, S283169) __ Cal.5th __ [2025 WL 1763117].)

The Attorney General continues to take the position that section 1172.75 should be interpreted to require that punishment for prison priors be both imposed and executed. However, he fails to offer any new arguments in support of this implicit execution

requirement, and we see no reason to reconsider *Espino* and related decisions based on arguments that have been repeatedly considered and rejected.

This conclusion is bolstered by the Supreme Court's recent decision in *Rhodius, supra,* __ Cal.5th __ [2025 WL 1763117].)  In that case, the Supreme Court considered whether section 1172.75 applies to prison priors that were imposed but then stayed. (*Rhodius,* at p. __ [2025 WL 1763117, at *1].)  Rejecting the Attorney General's contention that section 1772.75 requires prison priors to be both imposed and executed (*Rhodius,* at p. __ [2025 WL 1763117, at *4]), the Supreme Court concluded that "section 1172.75(a) applies to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed" (*id.* at p. __ [2025 WL 1763117, at *10]).

While the Supreme Court expressly declined to address whether section 1172.75 applies where, as here, prison priors were imposed but punishment was stricken (*Rhodius*, *supra*, __Cal.5th at p. __, fn. 2 [2025 WL 1763117, at *8, fn. 2]), the Court adopted much of the reasoning that led *Espino* to conclude that section 1772.75 applies to such priors.  First, the Supreme Court determined that, "as a matter of ordinary usage, an enhancement is 'imposed' when it is made part of a legally effective order" (*Rhodius*, at p. __ [2025 WL 1763117, at *4]), and that section 1772.75 "is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed' " (*Rhodius,* at p. __ [2025 WL 1763117, at *7]). Second, citing *Espino*, the Supreme Court observed that the legislative history "strongly suggest[s]" that the Legislature did not intend section 1772.75's invalidation of prison priors to be "only *partially* retroactive."  (*Rhodius,* at p. __ [2025 WL 1763117, at *7].) The Supreme Court also considered aspects of the legislative history not addressed in *Espino*, concluding that the Legislature had "fairness concerns" that "went to the very rationale underlying prior-prison-term enhancements" and that the Legislature's "primary concern" in providing resentencing under section 1772.75 was "aligning the treatment of

13

defendants with [prison priors] imposed before 2020 with the treatment of those sentenced after 2020." (*Rhodius,* at p. __ [2025 WL 1763117, at \*8].) These considerations provide further support for applying section 1772.75 where prison priors were imposed but punishment was stricken.

We therefore decline to imply an execution requirement into section 1172.75's use of the word "impose" or to create a special exception where punishment for a prison prior was stricken rather than stayed. Instead, we conclude that Cota is entitled to resentencing because now-invalid prison priors were imposed and included in the judgment against him.

### III. DISPOSITION

The order denying Cota's request for resentencing is reversed, and this matter is remanded to the trial court, which is directed to recall Cota's sentence and to resentence him consistent with Penal Code section 1172.75 and current law.

14

_____
BROMBERG, J.

I CONCUR:

_____
GREENWOOD, P. J.

*People v. Cota*
H051229

Lie, J., Dissenting:

For the reasons I stated in *People v. Espino* (2024) 104 Cal.App.5th 188, 202–206 (dis. opn. of Lie, J.), I respectfully dissent.

_____
LIE, J.

*People v. Cota*
H051229

Trial Court:                                  Santa Clara County
                                              Superior Court No.:  C1487107


Trial Judge:                                  The Honorable Shelyna V. Brown


Attorney for Defendant and Appellant          Lise M. Breakey
Monica Marie Martinez:                        under appointment by the Court
                                              of Appeal for Appellant


Attorneys for Plaintiff and Respondent        Rob Bonta
The People:                                   Attorney General

                                              Lance E. Winters,
                                              Chief Assistant Attorney General

                                              Jeffrey M. Laurence,
                                              Senior Assistant Attorney General

                                              Donna M. Provenzano,
                                              Supervising Deputy Attorney General

                                              Clarissa Limón,
                                              Deputy Attorney General

*People v. Cota*
H051229